Hillsborough,
No. 5830.

STATE

*v.*

ARTHUR JOHN FREIJE.

Argued December 3, 1968.
Decided January 31, 1969.

*George S. Pappagianis,* Attorney General, and *Henry F. Spaloss,* Assistant Attorney General (*Mr. Spaloss* orally), for the State.

*Armand Capistran* (by brief and orally), for the defendant.

GRIFFITH, J. Defendant was convicted of six indictments charging the obtaining of goods by false pretenses. RSA 580:1.

The evidence presented by the State would have permitted the jury to find that defendant on the dates and at the places alleged in the indictment obtained tires from various gasoline stations by use of a Texaco credit card issued in the name of D. E. Lemoine. The evidence further would have permitted the jury to find that the defendant signed the name of D. E. Lemoine on each charge and that his acts were for the purpose of defrauding the various gasoline stations of the tires so acquired. Defendant's exceptions were reserved and transferred by the Trial Court (*Dunfey*, J.).

Prior to trial defendant moved to have each indictment tried separately and excepted to the order of the Court consolidating them for trial.

An order consolidating indictments for trial is within the province of the Trial Court and will not be reversed here unless it appears the order prejudiced defendant. The desirability of consolidation is apparent when the crimes charged are related or apparently part of a common scheme or plan. See Fed. R. Crim. P. 8(a). The defendant in such cases cannot claim prejudice, since evidence of the other charges would have been admissible in the trial of any one. *State* v. *Garceau,* 108 N. H. 209. *State* v. *Story,* 97 N. H. 141 is a prime example of consolidation of indictments and joinder of trials. In the *Story* case two defendants were tried on three indictments against each containing numerous counts all claimed to be part of a scheme to defraud the State. In the present case the defendant's indictments all related to his use of a particular credit card and a false name to obtain fifteen tires in Manchester and Bedford, New Hampshire, within a period of two months. The order of consolidation by the Trial Court was desirable and proper under the circumstance of this case.

Defendant's second exception relates to the admission into evidence of certain credit slips. An examination of the record and the exhibits admitted indicate that they were properly admitted. All of the credit slips were identified by the gasoline station attendant who prepared them in the regular course of business, and in each case the attendant identified the defendant as the signer of the individual slip. The identification by the witnesses of defendant's signature made them admissible, but had they been records prepared by the witnesses without the

signature of the defendant the Trial Court could have admitted them under RSA 521:2; *Corey Steeplejacks Co.* v. *Cray,* 106 N. H. 126, 129; *Davis* v. *Cray,* 109 N. H. 181.

Defendant's final argument relates to his exception to the denial of motions to dismiss the indictments made at the close of the State's case and the refusal of the Court to charge in accordance with defendant's request Number 4.

Both of these exceptions relate to the indictments which included the phrase that the defendant "did· not have the permission of the said D. E. Lemoine to use the said credit card."

The testimony of D. E. Lemoine was to the effect that he had reported his Texaco credit card as lost but that when a representative of the Texaco Company called on him as a result of some five thousand dollars in outstanding charges on his account, he first denied knowing defendant and finally admitted that he had let the defendant take his credit card.

The elements of the crime of false pretenses were substantiated in this case whether the card was used with or without the permission of Lemoine. The evidence warranted the jury in finding that the defendant used the credit card fraudulently to obtain tires. The Trial Court under the circumstances of this case properly treated the allegation of use of the card without permission as surplusage. *State* v. *Bailey,* 31 N. H. 521; *State* v. *Webster,* 39 N. H. 96; 41 Am. Jur. 2d, Indictments and Informations, *s.* 71.

*Exceptions overruled.*

All concurred.