Hillsborough
No. 7853

THE STATE OF NEW HAMPSHIRE

v.

JOSEPH F. LABRANCHE

March 31, 1978

*David H. Souter,* attorney general (*James L. Kruse,* assistant attorney general, orally), for the State.

*New Hampshire Legal Assistance,* of Manchester (*Bruce E. Kenna,* Hillsborough County Public Defender), for the defendant.

PER CURIAM. This is an appeal from defendant's conviction for aggravated felonious sexual assault. RSA 632-A:2 (Supp. 1975). All questions of law arising from the trial were reserved and transferred by *Cann,* J. The issue presented is whether the trial court should have granted a mistrial after witnesses for the State testified about an untried indictment of attempted aggravated felonious sexual assault then pending against the defendant. We find that this testimony of the State's witnesses was inadmissible and sufficiently prejudicial to require a new trial.

Defendant was indicted for aggravated felonious sexual assault on his daughter; a companion indictment charged him with a later attempted aggravated felonious sexual assault on the same daughter. As each indictment alleged distinctly different actions on different dates, the State agreed to proceed on the indictments separately. This resolution was proper in this case for a fair determination of guilt or innocence. *See State v. Freije,* 109 N.H. 290, 249 A.2d 683 (1969). The charge of aggravated felonious sexual as-

sault, being the earliest, was tried first pursuant to the agreement to sever the charges.

Defendant cites two occasions when the State's witnesses testified about the second untried indictment of attempted sexual assault. The first instance was the response of the complainant, Marie LaBranche, to the prosecutor's inquiry whether she had occasion to contact the police regarding the alleged offense. She replied, "After the second time, yes." Defendant's motion for a mistrial was denied, but each counsel agreed to advise further witnesses not to mention the second untried charge. Later in the State's case, the arresting and investigating officer made mention of the second charge by saying, "I then went into the second incident with Mr. LaBranche; and after completion of that, I advised him that he would be charged with two counts." Defendant seasonably renewed his motion for mistrial on grounds that the inadmissible statements by both State witnesses concerning the second untried charge were so prejudicial as to prevent a fair trial on the single charge before the jury. Defendant's motion was denied and his exception noted.

■■■ Evidence of another offense in a criminal proceeding is inadmissible either to establish guilt or to show that a defendant would be likely to commit the crime with which he is charged. *State v. Cote,* 108 N.H. 290, 294, 235 A.2d 111, 114 (1967); *cf. State v. Desilets,* 96 N.H. 245, 73 A.2d 800 (1950). The exclusion of such evidence is grounded on the potentiality for prejudice and a fear that the generality of the jury's verdict might mask a finding of guilt based on an accused's past or alleged criminal acts. *State v. Cote,* 108 N.H. at 294, 235 A.2d at 114; *see Spencer v. Texas,* 385 U.S. 554, 560 (1967). However, evidence of prior crimes may be admitted "when it is particularly probative in showing such things as intent . . . an element in the crime . . . identity . . . malice . . . motive . . . a system of criminal activity . . . or when the defendant has raised the issue of his character . . . or when the defendant has testified and the State seeks to impeach his credibility . . . ." *State v. Cote,* 108 N.H. at 294–95, 235 A.2d at 114, *quoting Spencer v. Texas,* 385 U.S. at 560–61. The exceptions are not relevant here, nor does the State rely upon this case.

■■■ In the instant case, the high potential for prejudice resulted in a proper severance of the charges for trial. ABA Project on Minimum Standards for Criminal Justice, Standards Relating

to Joinder and Severance § 2.2 (1968). Clearly the reason for the severance was to reduce the inherent dangers of the prejudicial effect two charges of this nature might carry. Although neither witness specifically identified the pending charge, the record clearly disclosed that the jury could easily discern that the defendant was allegedly culpable for other instances of criminal conduct closely related to the charge before it. Any testimony as to a pending charge of attempted aggravated felonious sexual assault was inadmissible.

The State maintains that since there was sufficient other evidence to justify a conviction the error was not prejudicial. But the State has failed to recognize the proper harmless error test regarding inadmissible evidence as set forth in *State v. Ruelke,* 116 N.H. 692, 366 A.2d 497 (1976). In *Ruelke* one of the State's witnesses testified to the sale of marijuana but did not implicate the defendant in the sale. The next witness, a police officer, provided that missing link. In remanding for a new trial, we said that the rule in such cases was "whether it can be said beyond a reasonable doubt that the inadmissible evidence did not affect the verdict." *Id.* at 694, 366 A.2d at 498. We are unable to say that the jury did not consider the witnesses' words "second time," "second indictment" and "charged with two counts," or that it, in fact, disregarded them. An appellate tribunal cannot read the jury's mind or speculate on the result that would have obtained had not this improper evidence been put on the scale against the defendant. *See also Morgan v. Hall,* 569 F.2d 1161 (1st Cir. 1978).

The State additionally contends that the defendant waived his objection to the prejudicial nature of this testimony by withholding his objection to the sensitive testimony for a greater than reasonable time. The fact that defense counsel raised the objection and requested a mistrial in each instance after a few additional questions and answers had ensued is of no consequence. Counsel may refrain from interrupting testimony and raising an immediate objection to avoid accentuating the potential problem.

The rationale behind latitude in this area of trial practice is to permit the trial to proceed normally. An objection is timely when the court has ample time to take remedial action if an error has occurred. Under this standard, defense counsel's objections in both instances were timely. After the second occasion, cautionary or limiting instructions would not have been able to erase the taint

of the prejudicial evidence and would have served only to emphasize the prejudice. *Cf. Bruton v. U.S.*, 391 U.S. 123 (1968).

The State here "should not have the windfall of having the jury be influenced by evidence against a defendant which, as a matter of law, they should not consider but which they cannot put out of their minds." *Della Paoli v. United States*, 352 U.S. 232, 248 (1957) (Frankfurter, J., dissenting.)

> *Exception sustained; remanded for a new trial.*

LAMPRON, J., did not sit.