Belknap
No. 83-085

# THE STATE OF NEW HAMPSHIRE

v.

# THOMAS P. WOODBURY

December 7, 1983

*Gregory H. Smith*, attorney general (*T. David Plourde*, attorney, on the brief and orally), for the State.

*Joanne S. Green*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

KING, C.J. The defendant appeals his conviction in Superior Court (*Dunn*, J.) for robbery, RSA 636:1. The sole issue presented upon appeal is whether the trial court erred in denying the defendant's motion for a mistrial after a witness for the State testified as to a prior armed robbery charge brought against the defendant. We hold that this testimony was inadmissible and sufficiently prejudicial to require a new trial.

The evidence presented at the defendant's trial revealed that on the night of December 21, 1981, John Rigney, Jr., owner of the Candy Corner Store, was robbed at knife point in a parking lot as he left his store after closing up for the night. His assailant, who was wearing an orange sweatshirt and a stocking mask and was wielding an ordinary kitchen knife with a six-inch blade, ordered Mr. Rigney to hand over his cash box and then fled on foot between two adjacent buildings. The cash box included approximately one roll each of nickels, dimes, and quarters, along with some loose half dollars and coin wrappers.

Following the incident, Mr. Rigney got into his car and drove immediately to a nearby store to call the police. Prior to entering the store, however, he observed a car driven by a man wearing an orange sweatshirt, whom he believed was his assailant. He followed the car and noted its description and license plate number for the police.

Approximately one hour after the reported robbery, the Laconia police stopped a car matching the registration number and description furnished by Mr. Rigney. The defendant, who was the driver

and sole occupant, was arrested and searched. Approximately nineteen half dollars were discovered loose in the pockets of his pants. A subsequent search of the front portion of the defendant's vehicle further yielded one roll each of nickels, dimes, and quarters from under the front seat, as well as a knife with a wooden handle and an approximately six-inch blade, which was retrieved from the glove compartment.

The defendant was transported to the Laconia Police Station, where Mr. Rigney was given an opportunity to view him. Mr. Rigney was unable at that time, and likewise at time of trial, to identify the defendant.

At the defendant's trial, during the course of the State's case in chief, the county attorney asked Detective Sergeant Jeffrey Kellett of the Gilford Police Department whether the defendant had made any gratuitous statements to him while being transported from jail to his arraignment at the Laconia District Court. The officer responded by stating that the defendant said "I don't know why you're charging me with armed robbery. I've been that route before. I've been charged with armed robbery before." Defense counsel immediately objected and moved for a mistrial. The court dismissed the jury for the day and took the motion under advisement.

The following day, the court denied the defendant's motion, subject to the defendant's exception, noting that the testimony of Detective Sergeant Kellett concerning prior armed robbery charges filed against the defendant was inadvertent, and in no way amounted to prosecutorial misconduct. The court thereupon instructed the jury to disregard any remarks made pertaining to the defendant's "prior encounter or brush or anything of that nature with the law." Defense counsel made no objection to the curative instructions given by the court. The defendant was convicted and sentenced to the State prison for a term of four-and-one-half to ten years.

 The law is well established in this State that evidence of a defendant's prior criminal offenses is inadmissible in a criminal trial "either to establish guilt or to show that a defendant would be likely to commit the crime with which he is charged." *State v. Cote*, 108 N.H. 290, 294, 235 A.2d 111, 114, *cert. denied*, 390 U.S. 1025 (1967); *State v. Lavallee*, 119 N.H. 207, 211, 400 A.2d 480, 482 (1979). The basis for this exclusion is the recognized "potentiality for prejudice" of such evidence, coupled with the "fear that the generality of [a] jury's verdict might mask a finding of guilt based on an accused's past or alleged criminal acts." *State v. LaBranche*, 118 N.H. 176, 178, 385 A.2d 108, 109 (1978). Evidence of prior crimes may only be admitted under limited circumstances when "it is par-

ticularly probative in showing such things as intent . . . an element in the crime . . . identity . . . malice . . . motive . . . a system of criminal activity . . . or when the defendant has raised the issue of his character . . . or when the defendant has testified and the State seeks to impeach his credibility . . . ." *State v. Cote, supra* at 294–95, 235 A.2d at 114 (quoting *Spencer v. Texas*, 385 U.S. 554, 560–61 (1967)). In the instant case, the State concedes that the objectionable testimony of Detective Sergeant Kellett was inadmissible. His testimony, which informed the jury of a prior criminal charge filed against the defendant, was not offered under any recognized exception to the general rule of inadmissibility.

On appeal, the defendant contends that the trial court erred in failing to grant his motion for a mistrial. He contends that no instruction given by the court could have cured the prejudice suffered by him as a result of Detective Sergeant Kellett's testimony. He further maintains that any instruction would only have served to re-emphasize the inadmissible evidence in the minds of the jurors. We agree and sustain the defendant's exception.

Prejudice results when the testimony of a witness conveys to a jury the fact of a defendant's prior criminal offense. *State v. LaBranche supra; Commonwealth v. Laughman*, 452 A.2d 548, 549 (Pa. Super. 1982). The infusion of such evidence into a trial is "probably only equalled by a confession in its prejudicial impact upon a jury." *Id.* (quoting *Commonwealth v. Spruill*, 480 Pa. 601, 604–05, 391 A.2d 1048, 1049–50 (1978)). The testimony offered by Detective Sergeant Kellett in this case explicitly revealed to the jury inadmissible evidence of an identical charge which had been previously filed against the defendant. Under these circumstances, "cautionary or limiting instructions would not have been able to erase the taint of the prejudicial evidence and would have served only to emphasize the prejudice." *State v. LaBranche, supra* at 179–80, 385 A.2d at 110; *State v. Scarlett*, 118 N.H 904, 906, 395 A.2d 1244, 1246 (1978).

Although we have concluded that no curative instruction could have been offered in this case which would have rid Detective Sergeant Kellett's testimony of its harmful impact, we must also consider the State's argument that the admission of his testimony, in light of all the existing circumstances, constituted harmless error. In this State, the test for determining harmless error in a criminal case is "whether it can be said beyond a reasonable doubt that the inadmissible evidence did not affect the verdict." *State v. Welch*, 120 N.H. 687, 688, 421 A.2d 142, 142–43 (1980) (quoting *State v. Ruelke*, 116 N.H. 692, 694, 366 A.2d 497, 498 (1976)). A determination as to the necessity of a mistrial, therefore, must be based upon a consid-

eration of the resultant prejudice to the defendant and not solely upon the manner in which evidence entered into the case. *State v. Welch, supra* at 688, 421 A.2d at 143. The State must assume the burden of establishing that an error was harmless beyond a reasonable doubt. *State v. Scarlett, supra* at 907, 395 A.2d at 1246.

■ Based upon a review of the evidence presented at the defendant's trial, which the State itself admits was circumstantial, we cannot find beyond a reasonable doubt that the inadmissible statements of Detective Sergeant Kellett had no prejudicial effect on the jury.

*Reversed and remanded for a new trial.*

All concurred.