Merrimack
No. 83-352

THE STATE OF NEW HAMPSHIRE

v.

DONALD E. STEELE, JR.

July 3, 1984

*Gregory H. Smith*, attorney general (*Michael A. Pignatelli*, assistant attorney general, on the brief), by brief for the State.

*Joanne S. Green*, assistant appellate defender, of Concord, by brief for the defendant.

BATCHELDER, J.   The defendant was charged with misdemeanor theft. *See* RSA 637:3, I; RSA 637:11, III (Supp. 1983). After a jury trial in Superior Court (*Dunn*, J.), the defendant was convicted and sentenced to nine months in the house of correction. During the State's case, the defendant moved for a mistrial. The court denied the defendant's motion, subject to exception, and the defendant appealed from the denial of his motion. For the reasons which follow, we affirm.

The complaint against the defendant alleged that he "did purposely obtain two sterling silver baby cups, the property of [the victim] with the purpose to permanently deprive her thereof without the authority of [said victim] to do so."

During the trial, a police officer testified about his interview with the victim and his investigation of her complaint, which had led to the recovery of her silver baby cups from a local pawn shop. That

portion of the officer's testimony which is at issue appears in the record as follows:

"I interviewed [the victim] later on and attempted to gain more information to [sic] additional items that might have been stolen or something she might have forgotten to tell in the initial report to the officer . . . . At that particular time my particular job was to circulate to local pawn shops photos of items stolen in the burglary.

Q. And were there any silver items?

A. *Cups and jewelry.*

Q. Did you see the cups at this point?"

(Emphasis added.)

The record indicates that the defendant then promptly moved for a mistrial, and there followed a bench conference, which is unrecorded. After this conference, the trial judge instructed the jury to disregard any testimony relating to anything but the silver cups. He then proceeded to read the complaint to the jury, and concluded by stating that it is the allegations in the complaint alone that should be considered relevant to the jury's inquiry. The defendant requested that his exception be noted. We will assume that this exception was to the denial of his motion for a mistrial—since that was the only motion or objection which appears at this point on the record—and not to the instruction given by the court.

The defendant argues that the police officer's reference to jewelry constituted evidence of a crime other than the one for which the defendant was on trial. As such, asserts the defendant, the evidence was inadmissible. It "was not offered under any recognized exception to the general rule of inadmissibility." *State v. Woodbury,* 124 N.H. 218, 221, 469 A.2d 1302, 1304 (1983); *see State v. Cote,* 108 N.H. 290, 294, 235 A.2d 111, 114, *cert. denied,* 390 U.S. 1025 (1967). The testimony having been given before the jury, the defendant claims that he was prejudiced and that the curative instruction given by the court was not a substitute for the mistrial he sought. *See State v. Woodbury, supra* at 221, 469 A.2d at 1304–05; *State v. LaBranche,* 118 N.H. 176, 179–80, 385 A.2d 108, 110 (1978).

The issues for this court are whether the reference to the jewelry constituted evidence of another crime and, if so, whether the defendant was prejudiced to the extent that limiting instructions by the court could not cure the harm done.

The record indicates that the police officer's testimony at issue constituted the only reference to jewelry made during the trial. The record further indicates that, aside from a possible construction that

could have been put on this reference by the jury, there was no evidence offered that anything other than two sterling silver baby cups was taken from the victim's residence.

The State contends that the reference to jewelry was not evidence of a prior conviction or other criminal activity. *Cf. State v. Woodbury supra; State v. LaBranche, supra* at 178, 385 A.2d at 109–10. The State takes the position that, at most, the police officer simply suggested that in the same incident of theft for which the defendant was on trial, items other than those specified in the complaint had been taken. The State further adds that, given the ambiguous nature of the reference, the limiting instructions cured any prejudice.

We agree with the State that the reference to jewelry was of a nature qualitatively different from the testimony that was the subject of the appeals in the *Woodbury* and *LaBranche* cases. There are several different inferences that could possibly be drawn from the one reference to jewelry made in this case, including one that is innocuous: that when the officer was in the pawn shop, he saw various things that were made of silver. In other words, the officer was responding in a general way to a question of a foundational nature, and not in a specific way with respect to silver items that were allegedly stolen by the defendant. Because the testimony in question follows on the heels of the trial judge's instruction to "[t]ry and set a foundation, please," this reading is plausible.

We conclude that the State in this case did not attempt to introduce evidence of similar crimes or past criminal conduct as a way of establishing guilt or showing a propensity to commit crime. *Cf. State v. Woodbury*, 124 N.H. 218, 220, 469 A.2d 1302, 1304 (1983). The officer's reference to jewelry was, rather, "an unexpected inadvertent response . . . ." *State v. Monahan*, 125 N.H. 17, 28, 480 A.2d 863, 870 (1984). Consequently, and considering the equivocal nature of the reference to jewelry, we hold that the testimony was not so suggestive of other criminal conduct that the court's contemporaneous instructions did not cure any possible prejudice to the defendant. *See id.; State v. Novosel*, 120 N.H. 176, 186, 412 A.2d 739, 746 (1980). Accordingly, there was no error when the superior court denied the defendant's motion for a mistrial.

*Affirmed.*

All concurred.