Strafford
No. 87-285

THE STATE OF NEW HAMPSHIRE

v.

ROBERT LEMIRE, SR.

June 8, 1988

*Stephen E. Merrill*, attorney general (*David S. Peck*, assistant attorney general, on the brief), by brief for the State.

*Joanne Green*, assistant appellate defender, of Concord, by brief for the defendant.

BATCHELDER, J. The defendant, Robert Lemire, Sr., appeals a jury verdict finding him guilty of aggravated felonious sexual assault, in violation of RSA 632-A:3. The issue is whether the Trial Court (*Temple*, J.) erred in denying the defendant's motion for a mistrial on the ground that the victim's testimony suggested that the defendant had committed additional prior sexual assaults. For the reasons set forth below, we affirm.

The victim of the sexual assault was the defendant's fifteen-year-old daughter. At the time of the incident in question, the victim lived with her mother and stepfather in Farmington, attended Main Street School and worked at Bonanza Restaurant in Rochester on the weekend evenings. On several occasions, the defendant, who lived in Rochester, picked the victim up after her shift at 9:00 p.m.

One evening between January 10 and February 16, 1986, the defendant picked up his daughter after work at Bonanza Restaurant. He did not drive her directly home. Instead, he drove her down a dirt road, stopped and turned off his car. He asked Michelle if she wanted "to do anything." Michelle said that she did not want "to do anything" and that she wanted to go home. The defendant ignored her request, took off her skirt and had sexual intercourse with her. The defendant dissuaded her from telling anyone about what had happened in his car and took her home.

At first, the victim followed her father's warnings because she was afraid her mother would not believe her. However, the knowledge of the event became too distressful to carry alone, and on March 10, the victim confided in one of her high school teachers, a Mrs. Pettis, who advised her to inform her principal and her guidance counselor about the incident. Thereafter, the principal notified Sergeant Peter Cosgrove of the Farmington Police Department. Sergeant Cosgrove had worked with the victim before, in August, 1983, when she had made a similar complaint against the defendant. However, the victim had later told the police that her allegation in that case was false.

Before trial, the State and the defense agreed not to attempt to introduce evidence of other alleged prior instances of sexual misconduct committed by the defendant against his daughter, with the exception of an incident which allegedly occurred in August,

1983. The victim testified about the earlier incident in response to questions by the State as follows:

"Q. Now, Michelle, I am going to call your attention to August 30th of 1983. Do you recall that date?

A. Yes.

Q. Can you tell the jury what happened on that particular date?

A. I had brought it out the first time.

Q. You have to repeat that.

A. It's when I first came out and told someone.

Q. All right. You first came out and told someone what?

A. What, that my father had done that before.

Q. Now, on that particular day, had he assaulted you?

A. Not that day. He had before."

Following this answer, the defendant objected and the jury was excused. The defendant moved for a mistrial on the ground that the victim's testimony implied that there were several prior bad acts, not just the one with respect to which the State and the defense had agreed there could be an attempt to introduce evidence. The trial court advised the lawyers for the State and the defendant to interview the victim to determine what she intended to say. After the lawyers had interviewed her, the trial judge determined that she intended to refer only to one prior incident; namely, the one which prompted the August 30, 1983 complaint to Sergeant Cosgrove. To clarify the meaning of the testimony for the jury, the court directed the stenographer to read back on the record the testimony from the point of inquiring about the August 30, 1983 incident, and permitted counsel for the State to ask questions allowing the victim to explain that she was not certain of the exact date of the prior misconduct, but that she was sure that it did not occur on August 30. Counsel for the defendant, however, continued to stand on the objection and on his motion for a mistrial. The trial court denied the motion and proceeded with the trial.

 The standard of review of the denial of a motion for a mistrial is whether the trial court abused its discretion. *State v. Glidden*, 123 N.H. 126, 136, 459 A.2d 1136, 1142 (1983); *State v. Arthur*, 118 N.H. 561, 564, 391 A.2d 884, 886 (1978). "The basis for granting a mistrial is the existence of some circumstances which indicates that justice may not be done if the trial continues to verdict." *State v. Booton*, 114 N.H. 750, 757, 329 A.2d 376, 382

(1974). The remarks or the conduct must be more than merely inadmissible; they must constitute an irreparable injustice that cannot be cured by jury instructions. *State v. Scarlett,* 118 N.H. 904, 906, 395 A.2d 1244, 1246 (1978). Thus, even if prejudicial testimony was introduced against the defendant, the motion for mistrial may be denied because curative instructions are presumed to be followed. *State v. Berger,* 125 N.H. 83, 90, 480 A.2d 27, 31 (1984); *State v. Rodney Portigue,* 125 N.H. 352, 366, 481 A.2d 534, 544 (1984).

In support of his argument that the victim's testimony caused substantial prejudice requiring a mistrial, the defendant maintains that the combined effect of the ambiguous testimony about what happened "before," the interrupted proceedings, and the repetition of the testimony in question could *only* be to indicate to the jury that there were other sexual assaults.

The defendant's conclusion is neither obvious nor absolute. The prejudicial impact, if any, of particular testimony and of the interruption of the trial proceedings can best be gauged by the trial court judge. The trial judge below determined that the victim did not even inadvertently mention prior incidents. Rather, she merely responded to the State's inquiry in a manner that was unexpected by both the State and the defendant. The lawyers understood August 30, 1983, as the date of the prior incident. In fact, August 30, 1983, is the date she reported the prior incident. In sum, the trial court concluded that because the victim's testimony never referred to more than one prior incident, it was unlikely that the jury would infer that other prior sexual misconduct by the defendant had occurred.

Because the record does not lead to the conclusion that the victim's testimony caused undue prejudice to the defendant, we hold that the trial court did not abuse its discretion in denying the motion for mistrial.

*Affirmed.*

All concurred.