Cheshire
No. 89-276

THE STATE OF NEW HAMPSHIRE

v.

DUANE KILLAM

July 27, 1990

*John P. Arnold,* attorney general (*Tina L. Nadeau,* attorney, on the brief and orally), for the State.

*W. Kirk Abbott, Jr.,* assistant appellate defender, of Concord, by brief and orally, for the defendant.

BROCK, C.J.   The defendant, Duane Killam, was convicted by a jury in the Superior Court (*Perkins,* J.) of two counts of aggravated felonious sexual assault. RSA 632-A:2 (Supp. 1989). On appeal, he argues that the trial court erred in denying two motions for mistrial. For the reasons set forth below, we affirm.

The sexual assaults for which the defendant was convicted took place one night during the summer of 1985. The defendant allegedly performed vaginal and anal penetration with the victim, his five-year-old stepdaughter. Sometime after the incident, the victim told her mother that the defendant had "touched her," but no report was made to authorities at that time.

Approximately one year later, in June of 1986, the victim disclosed that she had been sexually assaulted by an acquaintance of her family, Eddie Leaor. Leaor, who was under indictment for child molestation, had been observed leaning over the victim in her bedroom. Concerned about the ability of her family to watch over her, the division of children and youth services (DCYS) temporarily placed the victim in a foster home. She was returned to the care of her mother and stepfather approximately one month later.

Shortly thereafter, problems developed in the family and the victim was again placed in foster care, where she remained at the time of the defendant's trial. During this period, she was visited only once by her stepfather, the defendant, in June 1987, after which his right of visitation was suspended at the recommendation of DCYS. Upon being told of the suspension, the victim informed her foster parents

that she could now tell her "secrets." She then revealed that she had been sexually assaulted two years earlier by her stepfather. In denying the charges for which he was indicted, the defendant asserted that, if there was a sexual assault of the victim, it was actually committed by someone other than himself.

The defendant first claims that the trial court erred when it denied his motion for a mistrial after the prosecution elicited an expert's opinion regarding the credibility of the victim's allegations of sexual assault against him. The State responds that the trial court ruled properly, arguing that the testimony was not inadmissible or prejudicial and that the defendant's objection was untimely.

Prior to trial, the prosecution filed a motion *in limine*, to which the defendant objected, seeking the court's permission to admit expert psychoanalytical testimony that the defendant had sexually abused the victim. The trial court issued an oral ruling in which it authorized the prosecution to elicit expert testimony that the victim had been sexually abused, but prohibited such testimony identifying the defendant as the abuser.

During direct examination of the State's expert psychotherapist, the following exchange took place:

"[Prosecutor:] Let me ask you in general terms from your understanding of children under the age of eight, is there any real chance that a child of that age could confuse a sex act done to him by a close family member with that of someone outside of the family?

"[Witness:] I would find that very unlikely unless the child was say under the age of two and a half.

"[Prosecutor:] Would you say that, in general terms now, when children describe sexual acts in terms of what they physically felt as the act happened, that they are more likely to be telling the truth than not?

"[Witness:] When a child–yes. When a child says to me that something happened to them and it hurt, that seems pretty graphic and convincing to me that they went through that experience and did not just observe it for example."

Counsel for the defendant did not immediately object to this testimony. However, after an additional five questions had been posed and answered, he asked to approach the bench. Noting that he had intentionally "let some time pass," defense counsel moved for dismissal, arguing that because the defendant was the "only possible perpetrator inside of the family," the prosecutor had employed a "backhanded way" of introducing evidence precluded by the court's ruling on the pretrial motion *in limine*. Defense counsel argued that, in effect, the expert had identified the defendant as the person who had performed the sexual acts on the victim. The prosecutor responded that the questions asked were hypothetical and that because defense counsel could not "be bothered to object before the question [was] answered, he ha[d] lost his opportunity to question it."

The trial court did not rule on the substance of the objection. Instead, the court denied the defendant's motion, ruling that defense counsel had deprived the court of the opportunity "to cure the problem if, in fact, there [was] a problem[,] by waiting" to make the objection. The court went on to state that: "What you're asking the Court [to do] is to permit you to wait three or four questions and then move for a mistrial. You can't have it both ways."

We note that the record reflects a disagreement between the parties regarding the procedure to be used during direct examination of the State's expert witness. The prosecutor alleged that the parties had agreed in chambers that "he would ask questions and there would be a delay in the witness answering them to give [defense] counsel an opportunity to object as they came up." Defense counsel challenged the prosecutor's representation of the chambers conference, indicating that he did not intend "to jump up at the time of an objectionable question and highlight that question in the juror's mind when [he could] let some time pass and let it kind of melt into things."

█ It is the responsibility of counsel to object contemporaneously to the admission of objectionable evidence. N.H. R. Ev. 103(b)(1); *see State v. Glidden*, 122 N.H. 41, 48, 441 A.2d 728, 732 (1982). "As a general rule, 'evidence should be objected to when it is offered and before it is admitted, or at the earliest possible opportunity after its objectionable character becomes apparent.'" *State v. Guay*, 130 N.H. 413, 418, 543 A.2d 910, 913 (1988) (citation omitted). Timely objections allow the trial court to remedy errors that may

have been made. *State v. LaBranche*, 118 N.H. 176, 179, 385 A.2d 108, 110 (1978).

■ The defendant is correct in asserting that, in certain circumstances, counsel may refrain from raising an immediate objection to prejudicial testimony. *State v. LaBranche*, 118 N.H. at 179, 385 A.2d at 110. However, *LaBranche* is distinguishable from the present case. There is no indication from the facts in *LaBranche* that the questions posed by the prosecutor called for the prejudicial responses. *See id.* at 178, 385 A.2d at 109. Because the witness' prejudicial answers could not be anticipated from the questions posed, defense counsel could not be expected to object before the testimony was given. Once the witness had responded, there was justification for defense counsel to delay his objection to avoid accentuating the damaging testimony. Such an objection was still timely because, once the jury had heard the objectionable testimony, a delay encompassing a few additional questions and answers did not hamper the trial court's ability to take remedial measures. *See id.* at 179, 385 A.2d at 110.

In the present case, defense counsel acknowledged his recognition of the objectionable character of the prosecutor's questions. However, he chose to delay his objection, reasoning that an immediate objection or curative instruction would "highlight [the] question in the juror's mind." He permitted the witness to respond to the objectionable questions, interrupting the trial several questions later to argue that the expert's testimony was so damaging that it necessitated a dismissal or mistrial.

It was defense counsel who made the tactical decision to permit the jury to hear the expert's responses. If defense counsel had made an objection at the time the objectionable question was posed, the trial court could have prevented the witness' response and might have been able to cure the prejudice, if any, created by the unanswered question itself by less severe means than a mistrial. The trial court was not given ample opportunity by defense counsel to take the necessary corrective action.

■ We hold that the trial court did not abuse its discretion in denying the defendant's untimely motion for mistrial. *See State v. Lemire*, 130 N.H. 552, 554, 543 A.2d 425, 426 (1988). The defendant cannot demand a mistrial because of prejudicial testimony after his counsel recognized the objectionable character of the questions that elicited the testimony, but decided not to offer a contemporaneous

objection. The trial court was correct in ruling that the defendant "can't have it both ways."

The second claim raised by the defendant is that the trial court erred when it denied the defendant's motion for a mistrial after the State knowingly elicited, in violation of the court's pretrial order, testimony from the victim that the defendant had spanked her with a belt or a stick.

Defense counsel also filed a pretrial motion *in limine*, requesting, *inter alia*, that evidence of "alleged physical assaults by the defendant against any members of his family" be excluded from trial. Over the prosecution's objection, the trial court ruled orally that testimony of alleged physical assaults on family members was inadmissible, stating that such evidence "does not sufficiently bear on the issues of intent, motive or opportunity so as to make them more probative than prejudicial."

During direct examination of the victim, the following questions and answers were propounded:

"[Prosecutor:]    Did Duane ever spank you when you lived in Jaffrey?

"[Witness:]    Yes.

"[Prosecutor:]    And what did he spank you with?

"[Witness:]    With a belt or a stick."

Defense counsel objected to this testimony, moving for dismissal, with or without prejudice, for an intentional violation of the court's order excluding evidence of alleged physical assaults by the defendant against family members. The trial court ruled that the State's questioning "was a knowing violation of the Court's order." But it did not grant the defendant's motion for mistrial, deciding instead to instruct the jury, both following the testimony of the witness and during the final instructions, to disregard the spanking testimony.

■ ■   Clearly, the purpose of excluding the evidence of other physical assaults was to avoid their potentially prejudicial effect. However, the trial court is in the best position to gauge the prejudicial impact of particular testimony, and what steps, if any, are necessary to remedy that prejudice. *State v. Hunter*, 132 N.H. 556, 561, 567 A.2d 564, 568 (1989). To justify a mistrial, the prejudicial testimony must be more than merely inadmissible; it must constitute an irreparable injustice that cannot be cured by jury instructions. *State v. Lemire*, 130 N.H. at 555, 543 A.2d at 426. After reviewing the

record, we find no irreparable injustice that could not have been cured by the jury instructions.

■■ The defendant argues that the prosecutor's knowing violation of the pretrial order justified a mistrial. Although not cited in either party's brief, this court addressed prosecutorial overreaching in *State v. Bujnowski*, 130 N.H. 1, 532 A.2d 1385 (1987). In order for "prosecutorial overreaching" to warrant a new trial, "the government must have, through gross negligence or intentional misconduct, caused aggravated circumstances to develop which seriously prejudiced a defendant, causing the defendant reasonably to conclude that continuation of the tainted proceeding would result in his conviction." *Id.* at 4, 532 A.2d at 1386 (quoting *State v. Lake*, 125 N.H. 820, 823, 485 A.2d 1048, 1051 (1984)). Having reviewed the record, we hold that the trial court, having found that the defendant was not seriously prejudiced by the spanking testimony, did not abuse its discretion in denying the defendant's motion for mistrial. *See State v. Lemire*, 130 N.H. at 554, 543 A.2d at 426. We note that the trial court has adequate means of punishing prosecutorial misconduct, should it believe such action was necessary, without affecting the underlying matter in litigation. *See Bonser v. Courtney*, 124 N.H. 796, 808, 481 A.2d 524, 530–31 (1984) (trial judge may punish by means of contempt).

*Affirmed.*

HORTON, J., did not sit; the others concurred.