Rockingham
No. 90-378

THE STATE OF NEW HAMPSHIRE

v.

DEREK S. SAMMATARO

May 22, 1992

*John P. Arnold,* attorney general (*Ward E. Scott,* attorney, on the brief and orally), for the State.

*W. Kirk Abbott, Jr.,* assistant appellate defender, of Concord, by brief and orally, for the defendant.

THAYER, J. The defendant, Derek S. Sammataro, appeals jury verdicts finding him guilty on two counts of misdemeanor simple assault, RSA 631:2-a, and one count of witness tampering, RSA 641:5. The defendant challenges the Superior Court's (*Temple,* J.) denial of his motion for a mistrial. The defendant's motion was based on a question asked by the prosecutor during cross-examination of a defense witness that the defendant contends unfairly prejudiced him. We affirm.

The defendant assaulted Timothy Hannan on two separate occasions. His conviction for witness tampering, also against Hannan, arose out of the second altercation. At trial, Kathleen Rodden testified for the defense. She was the defendant's girlfriend and an eyewitness to the first altercation. On direct examination, she gave an account of this incident that tended to exonerate the defendant. During cross-examination, the following exchange occurred:

"[Prosecutor:] So you lied to the police because you didn't think it was [the defendant's] fault. Isn't it also true that you thought by lying to the police that that would in some way benefit [the defendant]?

| | |
|---|---|
| [Witness:] | Yes. |
| [Prosecutor:] | How long have you been dating the defendant? |
| [Witness:] | Off and on for, say, two and a half years maybe. This time around it's been almost 11 months. |
| [Prosecutor:] | And you don't want to see him found guilty, do you? |
| [Witness:] | No. |
| [Prosecutor:] | *Aren't you afraid [of] what would happen to you if you didn't testify as you are today?* |
| [Defense counsel:] | Objection, Your Honor. |
| [Prosecutor:] | Looking for bias, Your Honor. |
| THE COURT: | Well, come up, please." |

(Emphasis added.)

Following the court's request, an unrecorded bench conference occurred during which the prosecutor apparently withdrew the question. Immediately following the bench conference, the court gave the following curative instruction to which the defendant did not object: "Jury's instructed to disregard the last question and the answer, if it was answered." The prosecution then resumed its cross-examination and, shortly thereafter, the trial concluded for the day.

The next day, prior to recommencement of the trial, the defendant moved for a mistrial based on the prosecutor's question to Rodden, but did not ask for any other remedy. The court denied the motion finding that no prejudice resulted because the evidence of the ongoing, close relationship between the defendant and the witness, which had been introduced prior to the prosecutor's question, countered any implication of coercion in the question.

On appeal, the sole issue is whether the trial court erred by denying the defendant's motion for mistrial. The defendant argues that a curative instruction was insufficient to dispel the prejudicial effect of the question. He maintains that because of the similarity between the charged offenses of simple assault and witness tampering and the prosecutor's question, a mistrial was the only appropriate remedy. The State contends that the trial court's curative instruction dispelled any prejudice that might have resulted from the question.

 The proper standard for reviewing the denial of a motion for a mistrial is whether the trial court abused its discretion. *State v.*

*Lemire*, 130 N.H. 552, 554, 543 A.2d 425, 426 (1988). "The basis for granting a mistrial is the existence of some circumstance[ ] which indicates that justice may not be done if the trial continues to a verdict." *State v. Booton*, 114 N.H. 750, 757, 329 A.2d 376, 382 (1974), *cert. denied*, 421 U.S. 919 (1975). To justify a mistrial, "remarks or the conduct must be more than merely inadmissible; they must constitute an irreparable injustice that cannot be cured by jury instructions." *Lemire*, 130 N.H. at 555, 543 A.2d at 426. The trial court is granted broad discretion to decide whether a mistrial or other remedial action is necessary because it is in the best position to measure prejudicial impact. *State v. Ellison*, 135 N.H. 1, 4, 599 A.2d 477, 480 (1991); *see also State v. Killam*, 133 N.H. 458, 463, 578 A.2d 850, 853 (1990). The jury is presumed to follow the trial court's curative instructions. *See Lemire*, 130 N.H. at 555, 543 A.2d at 426–27; *State v. Berger*, 125 N.H. 83, 90, 480 A.2d 27, 31 (1984).

The defendant argues that the prosecutor's question to Rodden on cross-examination is comparable to the introduction of inadmissible evidence in *State v. Woodbury*, 124 N.H. 218, 469 A.2d 1302 (1983), and *State v. LaBranche*, 118 N.H. 176, 385 A.2d 108 (1978), which required us to hold that a mistrial was the only appropriate remedy. In both *Woodbury* and *LaBranche*, however, the testimony of witnesses unambiguously revealed inadmissible evidence of prior criminal conduct to the jury. In *Woodbury*, we noted that "[p]rejudice results when the testimony of a witness conveys to a jury the fact of a defendant's prior criminal offense." *Woodbury*, 124 N.H. at 221, 469 A.2d at 1305. In *LaBranche*, "[a]lthough neither witness specifically identified the pending charge, the record clearly disclosed that the jury could easily discern that the defendant was allegedly culpable for other instances of criminal conduct closely related to the charge before it." *LaBranche*, 118 N.H. at 179, 385 A.2d at 110.

Recently in *Ellison*, we held that in determining if a defendant is entitled to a mistrial under *Woodbury* and *LaBranche*, the appropriate inquiry is whether a defendant's prior criminal conduct has been unambiguously conveyed to the jury. *Ellison*, 135 N.H. at 5–6, 599 A.2d at 480. The defendant contends that the prosecutor's question plainly implied that the defendant was a violent person who frequently engaged in coercive conduct similar to the charges against him. The question, however, followed Rodden's testimony that she had previously lied to the police on the defendant's behalf, that she did not want him found guilty, and that she and the defendant had an ongoing relationship. In this context, the question could

be understood as an inquiry into whether Rodden was afraid of what would happen to their relationship if she did not continue to lie for him. Therefore, we conclude that the question's implications are at best ambiguous. *See id.* at 6, 599 A.2d at 480 (ambiguous testimony concerning prior criminal conduct not sufficiently prejudicial to require mistrial). Moreover, unlike the juries in *Woodbury* and *La-Branche*, the jury in this case was not improperly exposed to testimony concerning *prior criminal acts* similar to the acts charged. For these reasons, we conclude that *Woodbury* and *La-Branche* are not controlling. Accordingly, we hold that the trial court did not abuse its discretion in denying the defendant's motion for a mistrial.

*Affirmed.*

All concurred.