Merrimack
No. 92-405

THE STATE OF NEW HAMPSHIRE

v.

SEAN COLLINS

January 27, 1994

*Jeffrey R. Howard,* attorney general (*Donald Feith,* senior assistant attorney general, on the brief), by brief for the State.

*James E. Duggan,* chief appellate defender, of Concord, by brief for the defendant. ·

BROCK, C.J.    The defendant, Sean Collins, was convicted of aggravated felonious sexual assault, RSA 632-A:2 (1986 & Supp. 1992), after a jury trial in the Superior Court (*Manias,* J.). The defendant was the subject of two indictments for aggravated felonious sexual assault; one indictment was dismissed by the court at the conclusion of the State's case. The sole issue for our consideration on appeal is whether the trial court erred in denying the defendant's motion for mistrial. We find no error and affirm.

The defendant allegedly assaulted a female undergraduate at the New Hampshire Technical Institute on the evening of September 24, 1990. The two indictments alleged aggravated felonious sexual assault by penile and digital penetration, respectively. At trial, at the conclusion of the State's case, the defendant moved to dismiss the indictment alleging digital penetration. The trial court, finding that no evidence of digital penetration had been introduced, granted the motion.

The defendant then moved for a mistrial, which was denied, and the jury found him guilty on the remaining indictment. He argues that the jury's knowledge of the dismissed digital penetration indictment created "unfair prejudice." He claims that the "jury was never instructed to ignore what evidence there was of digital penetration or even the existence of that indictment" after dismissal of the in-

dictment. The defendant concludes that he was unfairly prejudiced by this and that the motion for mistrial should have been granted.

■ As a preliminary matter, we address the trial court's alleged failure to instruct the jury properly. With regard to the defendant's claim that the court failed to instruct the jury to ignore evidence concerning digital penetration, the trial judge specifically found that no such evidence had been introduced. Based on our examination of the record, we agree. Obviously, there is no requirement that a jury be instructed to ignore non-existent evidence. As for the defendant's further claim that the jury was not instructed to ignore the existence of the digital penetration indictment, the defendant never objected to the instructions that *were* given to the jury concerning the dismissed indictment. In the absence of such an objection, the issue is not preserved for appeal. *State v. McLaughlin*, 135 N.H. 669, 671, 610 A.2d 809, 810–11 (1992). In any event, the defendant's claim is totally without merit. The trial court twice instructed the jury that the indictment was withdrawn from their consideration and that they were to consider only the indictment alleging penile penetration.

■■ We next consider the defendant's argument that the trial court erred in denying his motion for a mistrial because dismissal of the digital penetration indictment created a risk of prejudice. The basis for granting a mistrial is the existence of some circumstance indicating that justice may not be done if the trial continues to a verdict. *State v. Sammataro*, 135 N.H. 579, 582, 607 A.2d 135, 136 (1992). To justify a mistrial, the circumstance must constitute an irreparable injustice that cannot be cured by jury instructions. *Id.* Because the trial court is in the best position to measure prejudicial impact, it has broad discretion to decide whether a mistrial or other remedial action is necessary. *Id.* Absent an abuse of that discretion, we will not overturn the trial court's decision. *State v. Ellison*, 135 N.H. 1, 4, 599 A.2d 477, 480 (1991).

■■ The defendant contends that the jury's knowledge of the dismissed indictment was equivalent to knowledge of evidence of other similar crimes. He argues that this evidence was inherently prejudicial, citing *Ellison*, 135 N.H. at 4, 599 A.2d at 479 ("Prejudice is inherent in evidence of other, similar crimes committed by a defendant."). In granting the defendant's motion for dismissal of the indictment, however, the trial court found that no evidence concerning digital penetration had been introduced. Further, the trial court properly instructed the jury that the indictment itself "is not evi-

dence of guilt" and that the jury "must not consider the indictment as evidence of guilt of the defendant." *See* N.H. CRIMINAL JURY IN-STRUCTIONS 1.02 (1985); *United States v. Interstate Engineering Corporation*, 288 F. Supp. 402, 409 (D.N.H. 1967) (jury charge); *cf. Moody v. Cunningham*, 127 N.H. 550, 554, 503 A.2d 819, 821 (1986). We presume that instructions are followed by the jury. *State v. Hunter*, 132 N.H. 556, 561, 567 A.2d 564, 568 (1989). Consequently, the mere reading of the digital penetration indictment at the beginning of trial does not support the defendant's claim that the jury heard evidence of other similar crimes. This is not a case in which the jury has been improperly exposed to testimony concerning a defendant's prior criminal acts, similar to the acts charged. *See State v. Woodbury*, 124 N.H. 218, 221–22, 469 A.2d 1302, 1304–05 (1983) (mistrial required when jury exposed to inadmissible evidence of an identical charge previously filed against the defendant); *State v. LaBranche*, 118 N.H. 176, 179, 385 A.2d 108, 110 (1978) (mistrial required when jury exposed to inadmissible testimony concerning a pending, untried indictment and "could easily discern that the defendant was allegedly culpable for other instances of criminal conduct closely related to the charge before it"); *see also Sammataro*, 135 N.H. at 583, 607 A.2d at 136.

The defendant's contention that consideration by the jury of the one remaining indictment was improper is disingenuous; he apparently saw no inherent prejudice in the two indictments proceeding to the jury. The defendant does not argue that the trial court should have severed the two indictments, rather than try them together. Nor does the record indicate that the defendant moved to have the indictments severed prior to trial. *See LaBranche*, 118 N.H. at 178–79, 385 A.2d at 110 (severance of two indictments, one charging attempted aggravated felonious sexual assault and one charging aggravated felonious sexual assault on the same person but at a different time, was proper in order "to reduce the inherent dangers of the prejudicial effect two charges of this nature might carry").

■ Finally, the defendant argues that a mistrial was required because the "State knew from the start that there was no evidence of digital penetration." We disagree. There is nothing in the record to indicate that the State knew before trial that it would not be able to prove the charge of digital penetration.

On the facts of this case, we fail to see how the dismissal for lack of evidence of an indictment alleging criminal activity contemporaneous with and closely related to that alleged in a companion indictment caused prejudice to the defendant. We are satisfied on the

trial record as a whole that the jury's knowledge of the dismissed digital penetration indictment did not entitle the defendant to a mistrial. We find no error in the actions of the trial court.

*Affirmed.*

All concurred.