Strafford
No. 97-296

## THE STATE OF NEW HAMPSHIRE

v.

## TIMOTHY KERWIN

December 3, 1999

*Philip T. McLaughlin*, attorney general (*Ann M. Rice*, senior assistant attorney general, on the brief and orally), for the State.

*Behzad Mirhashem*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

JOHNSON, J. The defendant, Timothy Kerwin, was convicted of one count of misdemeanor sexual assault. *See* RSA 632-A:2, I(i), :4 (1996). On appeal, he contends that the Superior Court (*Fauver*, J.) erred in refusing to grant two motions for mistrial and a motion to set aside the verdict. We reverse and remand.

The following facts were adduced at trial. In October 1995, the complainant, a seventeen-year-old high school senior, hired the defendant, a professional photographer, to take photographs of her for the school yearbook. At the photo session, the defendant suggested that the complainant return to his studio, after her eighteenth birthday, to pose for more "revealing" photos. The complainant agreed, and during the ensuing months returned for three additional photo sessions with the defendant.

On two occasions, in December 1995 and January 1996, the complainant posed for semi-nude and nude photographs. During the

January session, the complainant, at the defendant's urging, agreed to apply baby oil to her body, ostensibly to produce a photograph that better "catches the light." At first the complainant applied the oil herself, but after the defendant repeatedly disapproved of her technique in applying the oil, the complainant told the defendant to "go ahead" and apply the oil himself. The complainant testified that after she allowed the defendant to cover her upper torso with oil, "all of a sudden, his hand went right down between my legs and came back up." The complainant testified that the defendant rubbed oil on her genitals "four or five times," and that she had not expected him to touch her genitals. She stated that she was "shocked" and "scared" by his actions. The defendant then took one last nude photograph of the complainant, and the session ended.

The complainant did not immediately confide in anyone about the baby oil incident and testified that she made herself "forget about it." She testified that she returned to the defendant's studio in February, at which time she agreed to recruit other students to be photographed by the defendant for the following year's senior photographs. Specifically, she agreed to encourage other students at her high school to provide modeling services and be "senior representatives" of the defendant's studio. The complainant testified that she later remembered the incident after another student told her about the alleged sexual assault of a young woman, and this statement led her to begin the process of recovering her memory. The complainant testified that she subsequently contacted the police not to press charges herself, but "because of what I'd heard I thought maybe my testimony would help somebody else." The defendant was charged and convicted of misdemeanor sexual assault for sexual contact accomplished by surprise. *See* RSA 632-A:2, I(i), :4. This appeal followed.

The defendant contends that the trial court erred in: (1) refusing to grant a mistrial after the State elicited allegedly prejudicial testimony from the complainant; and (2) refusing to grant a mistrial or give curative instructions after the State engaged in an allegedly improper argument. The defendant also argues that the cumulative effect of these alleged errors was so prejudicial that the trial court abused its discretion when it refused to set aside the verdict. Because we conclude that it was error for the trial court not to grant a mistrial after the State elicited improper testimony from the complainant, we will address only the first issue raised on appeal. *See State v. Warren*, 143 N.H. 633, 636, 732 A.2d 1017, 1019 (1999).

A mistrial is appropriate when the circumstances indicate "that justice may not be done if the trial continues to a verdict. To

justify a mistrial, the conduct must be more than merely inadmissible; it must constitute an irreparable injustice that cannot be cured by jury instructions." *State v. Sammataro*, 135 N.H. 579, 582, 607 A.2d 135, 136 (1992) (quotations and citation omitted). Because the trial court is in the best position to gauge the prejudicial nature of the conduct at issue, it has broad discretion to decide whether a mistrial is appropriate. *Id.*

The defendant contends that the trial court abused its discretion in allowing the trial to continue after the State, during its direct examination of the complainant, elicited testimony regarding an alleged sexual assault by the defendant against another young woman. The trial court previously had ruled such evidence inadmissible. Before trial, the State filed a motion *in limine* requesting admission of evidence that the defendant "had acted in a similar manner with another victim." The State alleged that the defendant applied baby oil to another young woman during a photography session and then engaged in intercourse with her. The State argued that this evidence was admissible to show the defendant's intent when he applied baby oil to the complainant's genitals, *see* N.H. R. EV. 404(b); *see generally State v. Bassett*, 139 N.H. 493, 497, 499, 659 A.2d 891, 894, 896 (1995); namely, that the defendant acted purposefully for sexual arousal and gratification, *see* RSA 632-A:1, IV, :4 (1996), and not to enhance the artistic value of the nude photography. The State also sought to admit this evidence to explain what prompted the complainant to report the assault many weeks after it occurred. The trial court denied the State's request, holding that it could not "distinguish between the defendant's propensity to act inappropriately with the photography subjects and . . . his intent to act with the purpose of obtaining sexual gratification." *See generally Bassett*, 139 N.H. at 500, 659 A.2d at 896; *State v. Melcher*, 140 N.H. 823, 828, 678 A.2d 146, 149 (1996).

During the State's direct examination of the complainant, counsel inquired about the complainant's loss of memory regarding the charged assault, and the following colloquy ensued:

Q. Now, at that point, had you — you say that you had forgotten, or you had put it out of your mind, or what —

A. I just — I didn't even remember it until some girl in the hallway, I mean, she had started saying stuff. And then I was like, God, why is this bothering me? And then when my boyfriend said something to me, when Dan had said, "What did he do to you?," I was just like, "He touched me." I don't know how, I don't remember, I just — I don't even know, it's

just — it was there and then one day it's almost like on the way home, I forgot about it. I just didn't want it to be true.

. . . .

Q. And do you recall what it is that brought it back to you? What had happened to you?

A. Well, I hadn't really thought about it, 'cuz I just — I don't know, I just don't remember — just didn't remember. Some girl had come up and she was going to be a senior representative, and she said to me, "I can't do that, *that man raped some girl.*" And I went —

[DEFENSE COUNSEL]: Objection.

(Emphasis added.) Defense counsel immediately moved for a mistrial. After a lengthy bench conference, the trial court denied the defendant's motion and issued the following curative instruction:

All right, before — before we broke, you heard this witness make reference to a statement somebody else had told her. I'm going to instruct you right now, you may not consider that statement made, it was a statement made by someone else to this witness, for the truth of that statement. You may only consider its reference, or the reference to the other statement to explain why she acted as she did, when she did — when she acted. You cannot consider, as I said, — you cannot consider that statement for its truth.

On appeal, the defendant contends that the statement "that man raped some girl" is so highly prejudicial that it would be impossible for any curative instruction to be effective to cure the taint, and therefore he is entitled to a mistrial as a matter of law. We agree.

It is well-settled that an incurable prejudice may result "when the testimony of a witness conveys to a jury the fact of a defendant's prior criminal offense. The infusion of such evidence into a trial is probably only equalled by a confession in its prejudicial impact upon a jury." *State v. Woodbury*, 124 N.H. 218, 221, 469 A.2d 1302, 1305 (1983) (citations and quotation omitted). "Introduction of such evidence, however, does not automatically require a mistrial." *State v. Drew*, 137 N.H. 644, 648, 633 A.2d 108, 110 (1993). Rather, introduction of the inadmissible evidence must make it unjust to allow the case to continue to a verdict. *See, e.g., State v. Ellison*, 135 N.H. 1, 4, 599 A.2d 477, 479 (1991). Accordingly, we have held that a mistrial is appropriate when "a defendant's prior criminal conduct

has been unambiguously conveyed to the jury." *Sammataro*, 135 N.H. at 582, 607 A.2d at 136. When such highly prejudicial evidence is improperly admitted, *cf. State v. Whittaker*, 138 N.H. 524, 526, 642 A.2d 936, 938 (1994) (discussing when prior bad acts may be admissible), curative instructions are usually ineffective to remedy the error and "serve[] only to emphasize the prejudice," *State v. LaBranche*, 118 N.H. 176, 179-80, 385 A.2d 108, 110 (1978).

We hold that in the context of this case, the statement that "that man raped some girl" was highly prejudicial and warranted a mistrial. The statement unambiguously conveyed to the jury the fact that the defendant allegedly had engaged in similar culpable conduct; namely, the sexual assault of a "girl." *See id.* at 179, 385 A.2d at 110. This case is similar to *LaBranche*, in which we held that although the testimony did not disclose the specifics of the pending crime, a mistrial was warranted because the jury could have easily discerned that the defendant was "allegedly culpable for other instances of criminal conduct closely related to the charge before it." *Id.*; *see Woodbury*, 124 N.H. at 221, 469 A.2d at 1305.

Further, the likelihood that the statement that "that man raped some girl" unduly prejudiced the jury is enhanced by the fact that both the charged crime and the alleged criminal act involved clearly repugnant sexual misconduct. *Cf. Melcher*, 140 N.H. at 831, 678 A.2d at 151. As the trial court recognized in its order on the State's motion *in limine*, it would be impossible for a juror to divorce the inference that the defendant is a sexual predator of young women from any admissible inference. *See Bassett*, 139 N.H. at 500, 659 A.2d at 896; *cf. State v. Ellsworth*, 142 N.H. 710, 717, 709 A.2d 768, 773 (1998) (recognizing that it is impermissible to admit evidence where the logical connection between events justifying relevance involves propensity). Simply put, this is one of those extraordinary cases where the trial court cannot unring a bell once it has been rung. *See Border Brook Terrace Condo. Assoc. v. Gladstone*, 137 N.H. 11, 18, 622 A.2d 1248, 1253 (1993).

Furthermore, unlike the evidence at issue in *Drew*, 137 N.H. at 648-49, 633 A.2d at 110-11, this evidence was not cumulative, and in fact indicated to the jury that the defendant may have committed a crime more heinous than that which was charged. *Cf. State v. McGlew*, 139 N.H. 505, 510, 658 A.2d 1191, 1195 (1995) (evidence is unduly prejudicial if it arouses a sense of horror that "may cause a jury to base its decision on something other" than the facts of the case before it). The State's conduct is especially troubling here because the State had already elicited from the complainant what

caused her to remember the defendant's misconduct, making it improper for the State to probe the complainant for further detail that would likely violate the trial court's *in limine* order. Accordingly, we hold that the trial court abused its discretion in refusing to grant the defendant's motion for a mistrial.

Although the defendant places great emphasis on the fact that the State arguably attempted to elicit the objectionable testimony in violation of the court's pretrial order, our decision today does not mean that a mistrial is appropriate every time a pretrial order excluding prior bad act evidence is violated. *See Ellison*, 135 N.H. at 6, 599 A.2d at 481. Rather, we hold that because the statement introduced by the State was so highly prejudicial to the defendant's case that it irreparably affected the outcome of the trial, a mistrial was warranted.

The State argues that the defendant is not entitled to a mistrial because when the complainant stated that she heard "that man raped some girl," it was unclear that the classmate was referring to the defendant. *See id.* at 6, 599 A.2d at 480 ("Where the testimony is ambiguous, a defendant is not so substantially prejudiced that a mistrial is required."). We disagree. Although the jury had not heard the term "senior representative" at that point in the trial, it was still readily apparent that the classmate was referring to the defendant. Comments were made during opening statements indicating that the complainant was interested in helping the defendant recruit students for the following year's senior photographs, and immediately prior to making the prejudicial statement, the complainant herself testified that she agreed to recruit seniors for the defendant's photography studio. Thus, even if the complainant used the phrase "that man" instead of "the defendant," the phrase clearly referred to the defendant.

■ Finally, the State attempts to cast the trial court's curative instruction as either a "reconsideration" of its earlier order, or a finding of admissibility on an alternative relevancy ground. The court's actions were insufficient to cure the error, however, because even if it were true that the court reconsidered the testimony's admissibility on relevancy grounds, *see generally Whittaker*, 138 N.H. at 526, 642 A.2d at 938, it failed to clearly rule that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice to the defendant. *See McGlew*, 139 N.H. at 510, 658 A.2d at 1195 (trial court must state precisely on the

record the considerations underlying its balance of probity and prejudice).

*Reversed and remanded.*

HORTON, J., dissented; the others concurred.

HORTON, J., dissenting: It is reasonable to assume that the trial court was acting within its discretion when it denied the State's pretrial motion to admit the evidence regarding the prior sexual assault. The State's offer was made in a vacuum before the evidence at trial was developed and the substantial delay in reporting was established. I agree with the majority that it was obvious from the context and content of the challenged statement at trial that the defendant was the person being named as the earlier rapist. The majority does not analyze the need for the evidence but holds that the prejudice is so extreme that it was unjust to allow the case to continue to verdict. It rejects our longstanding deference to the trial court, a court uniquely in the position to determine the prejudicial effect of the evidence.

I think that this mistrial ruling was within the broad discretion of the trial court. *State v. Sammataro*, 135 N.H. 579, 582, 607 A.2d 135, 136 (1992). Although the evidence was a surprise and not subject to pre-admission scrutiny at the point when it was given, I would hold that it would have been admissible for the limited purpose of explaining the delay in reporting. It would have been relevant under New Hampshire Rule of Evidence 401 and, if properly limited, would have been more probative than prejudicial under New Hampshire Rule of Evidence 403. We have been sensitive to the proof problem involving delay in reporting sexual crimes, such delay being counter-intuitive and crying for explanation. *See State v. Cressey*, 137 N.H. 402, 411-12, 628 A.2d 696, 702-03 (1993). Thus, the evidence would be highly probative. Taken without the limiting instruction, the evidence is also highly prejudicial and is strongly infected with overtones of propensity. But all such evidence is tainted with propensity and can only be admitted for a non-propensity purpose. N.H. R. EV. 404(b). The trial court acknowledged this problem and gave a well-structured limiting instruction, limiting the evidence's use to explanation of the victim's action and clearly eliminating propensity as a consideration. When a jury is properly instructed, we presume that those instructions are followed, *State v. Collins*, 138 N.H. 217, 220, 637 A.2d 153, 155 (1994), and an analysis of prejudice incorporates the same doctrine, *State v. Bouchard*, 138 N.H. 581, 585-86, 643 A.2d 963, 966 (1994).

I would hold that the trial court was within its discretion in denying the motion for mistrial during testimony and similarly within its discretion in denying a mistrial or curative instruction during argument. Therefore, I respectfully dissent and would affirm the trial court.