Rockingham
No. 91-025

THE STATE OF NEW HAMPSHIRE

v.

JOHN ELDREDGE

May 14, 1992

*John P. Arnold*, attorney general (*Cynthia L. White*, assistant attorney general, on the brief and orally), for the State.

*James E. Duggan*, chief appellate defender, of Concord, by brief and orally, for the defendant.

BROCK, C.J.   The defendant, John Eldredge, was convicted after a jury trial in the Superior Court (*M. Flynn*, J.) on two counts of aggravated felonious sexual assault, RSA 632-A:2 (1986 and Supp. 1991) and one count of attempted aggravated felonious assault, RSA 632-A:2; RSA 629:1, and sentenced to serve eleven to twenty-two years in the New Hampshire State Prison. The indictments arose from allegations that on two separate occasions the defendant engaged in acts of sexual misconduct with his minor niece. We affirm.

At trial, the State was permitted, under New Hampshire Rule of Evidence 404(b), to offer testimonial evidence of sexual acts involving the defendant and the victim that allegedly occurred prior to the indicted acts. The victim testified that when she was eleven or twelve years old the defendant played "roughhouse" with her and her cousins, and that while playing the defendant would touch her breasts over her clothing. She also told of an incident when the defendant woke her as she slept on a couch and kissed her and rubbed her breasts and vagina. The defendant on appeal challenges the adequacy of the trial court's limiting instruction concerning this evidence of prior bad acts.

The procedural history of this issue began with the State's pretrial motion to introduce the prior bad acts evidence under Rule 404(b) for eight purposes other than to show the defendant's propensity to commit acts of sexual misconduct. The defendant objected to admission of the evidence for any purpose. The court made a preliminary

finding, conditioned on a *voir dire* of the victim, that the evidence would be admissible for the purposes requested by the State, and indicated that a clear limiting instruction would be forthcoming upon admission of the evidence at trial and again when the jury was finally charged. After the *voir dire*, the court ruled that the prior bad acts evidence was admissible

> "to show the context in which the crime was committed, to show the relationship between the parties, to establish that the defendant believed that the victim was vulnerable and also [was] admissible on the issues of motive, intent and opportunity."

Again, the court noted the defendant's objection to the *admissibility* of the evidence for any purpose. Nevertheless, the court solicited from both sides requested limiting instructions concerning the Rule 404(b) evidence. The record does not reveal whether either side submitted a request.

At trial, when the State offered the victim's testimony as evidence of the prior bad acts, the defendant requested that the court give the limiting instruction "that [had been] discussed earlier." The court complied by instructing as follows:

> "I just want to instruct you, ladies and gentlemen of the jury, that [the victim's] testimony of the defendant's alleged prior sexual assaults on her are not evidence of the defendant's character or of a trait of his character and they cannot be considered by you as proving that the defendant acted in conformity therewith. In other words, sexual acts on [the victim] prior to the time of the assaults for which he has been indicted, that cannot be used by you as evidence that he had a propensity to commit such acts.
>
> You can consider this evidence which you've just heard as to prior . . . alleged prior sexual assaults by the defendant on [the victim] only for the purposes that I'm going to state to you. . . . You can consider the context in which the charged crimes were committed, the relationship of the parties, the belief by the defendant that [the victim] was vulnerable, and for the purpose of showing the defendant's intent, motive or opportunity."

The defendant did not object to the limiting instruction at that time nor later when the court again gave it in the final charge to the jury.

Though he did not brief the issue, the defendant maintained at oral argument that a contemporaneous objection to the trial court's limiting instruction was not required because the defendant had already challenged at a pretrial hearing the admissibility of the prior bad acts evidence for any purpose. Assuming the issue is preserved, the defendant asserts that the limiting instruction failed to give the jury sufficient guidance in its consideration of the evidence. We find, however, that the defendant's challenge to the limiting instruction is not preserved.

> "As a general rule, we will not consider grounds of objections not specified or called to the court's attention at the trial. This requirement, grounded in common sense and judicial economy, affords the trial court an opportunity to correct an error it may have made and is particularly appropriate where an alleged error involves a jury instruction."

*State v. Johnson,* 130 N.H. 578, 587, 547 A.2d 213, 218 (1988) (citations and quotations omitted); *State v. Nadeau,* 126 N.H. 120, 125, 489 A.2d 623, 626 (1985) (absent contemporaneous objection, untimely request for jury instructions does not give notice to the court necessary to preserve an issue addressed by the requested instruction).

We recently stated a narrow exception to this rule in *State v. Simonds,* 135 N.H. 203, 600 A.2d 928 (1991), holding that when a defendant objects to the admissibility of prior bad acts evidence in a pretrial hearing, the defendant need not object contemporaneously when the evidence is admitted at trial. *Id.* at 205, 600 A.2d at 929. This exception does not apply in this case. In *Simonds,* a second objection was not required at trial because the principle underlying the contemporaneous objection rule had been satisfied by the pretrial objection. The court was informed when the issue first arose, it was able to reconsider its finding, and if necessary, to correct the error before any material harm resulted. A renewed objection at trial to the very same issue that had already been argued by the defendant and settled by the court in a pretrial hearing was deemed unnecessary.

The same cannot be said, however, of a pretrial objection to the admissibility of evidence where the issue at trial concerns the sufficiency of limiting instructions addressing the same evidence. To argue that prior bad acts evidence is not relevant to show a permissible purpose under Rule 404(b) and is therefore inadmissible, does not

inform the court that a limiting instruction addressing such evidence is inadequate. Here, the defendant complains that the trial court's use in the limiting instruction of the broad terms "context" and "relationship," without more, insufficiently defined the permissible use that the jury could make of the prior bad acts evidence. This claim was *not* made below. Any infirmity in the scope or clarity of the limiting instruction was not communicated to the court by the defendant's general objection to the admissibility of the evidence itself. *Cf. State v. Wisowaty,* 133 N.H. 604, 607, 580 A.2d 1079, 1081 (1990) (general objection not sufficient to preserve specific issue for appeal). The trial court was never given the opportunity to assess the merit of the defendant's objection. We decline to consider it for the first time on appeal. *See State v. Menard,* 133 N.H. 708, 711, 584 A.2d 752, 754 (1990).

*Affirmed.*

All concurred.