Grafton
No. 91-426

## THE STATE OF NEW HAMPSHIRE

v.

## CAMERON VANDERHEYDEN

October 30, 1992

*John P. Arnold*, attorney general (*John A. Stephen*, assistant attorney general, on the brief), by brief for the State.

*James E. Duggan*, chief appellate defender, of Concord, by brief for the defendant.

BROCK, C.J.   The defendant, Cameron VanDerHeyden, was convicted after a jury trial in the Superior Court (*Morrill*, J.), of leaving the scene of an accident involving personal injury, RSA 264:25, and false reporting of the accident to the police, RSA 264:28. On appeal, he argues that the trial court erred in not striking a portion of a response given on direct examination by the State's principal witness. The response contained three distinct statements to which the defendant objected. For the reasons that follow, we affirm.

On March 7, 1987, a pedestrian was struck by a motor vehicle, which fled from the scene. The motor vehicle was owned by Leslie A. Carpenter, the State's principal witness. Both Carpenter and the defendant were in the vehicle at the time of the accident. The dispute centers on whether the driver was the defendant, as Carpenter testified, or an unknown hitchhiker, as the defendant claimed.

During Carpenter's direct examination, she testified that prior to trial she had given different accounts of the accident. When she reported the accident to the police the morning of the collision, she claimed that she was asleep in the back of the vehicle and, therefore, was unaware of what had happened. Approximately one month after the accident, she consulted a private attorney who recommended

that she "tell the truth" that she was not asleep and that the defendant was the driver. Shortly thereafter, she reported to the police that the defendant was the driver. After Carpenter explained why she changed her account of the incident, further testimony was elicited, which became the basis of this appeal:

"[Prosecution]   Q. Now, insofar as the defendant is concerned, how do you personally feel today, coming in here and testifying as you have about his involvement?

[Defense Counsel]   Objection, Your Honor. Rule 401 and 403.

The Court   I'll sustain the question as it's phrased. (Pause) I'll sustain the objection as the question is phrased.

[Prosecution]   Q. Ma'am, have you given a lot of thought to your testimony in coming here today?

[Witness]   A. Yes. I spent all the last four and a half years thinking about this.

[Prosecution]   Q. And having given it a lot of thought, how do you feel about what you are doing?

[Defense Counsel]   Objection, Your Honor; same bases [*sic*].

The Court   Overruled. You may answer.

[Witness]   A. I know I'm doing the right thing. I'm doing what I have to do. All I'm—you know, it's the truth. And it's—it's the simplest thing to do. It was an accident. I realize the whole thing was an accident. He didn't hit that kid on purpose and—but what he did afterwards, there's no excuse for. I can't live with that. And if he wants to try, good luck to you (speaking to the defendant). It's just—

[Defense Counsel]   Objection, Your Honor; this is a nonresponsive answer."

The State asked no further questions and the court called for a lunch recess. Defense counsel asked to approach the bench, and, after the jury withdrew from the courtroom, the following colloquy took place:

"[Defense Counsel]     Your Honor, regarding the last statement, I would ask the Court to strike the last thing from the record and instruct the jury not to consider it. I made a timely objection on the record, under Rule 401 and 403, stating I think this is an irrelevant opinion of Miss Carpenter, and it certainly is unfairly prejudicial to my client, what her opinion is at this point, and it's serving to inflame the jury, and I'd ask the Court to so instruct the jury.

The Court     She was only giving her opinion as to why she felt it was important to tell the truth at this time. And I think that that's a reasonable response, and that's what the—how the question was phrased. I sustained your objection to the question that was earlier phrased.

[Defense Counsel]     I understand that, Your Honor, I just want to make it clear.

The Court     You want me to strike the whole answer?

[Defense Counsel]     Yes. And instruct the jury that they are not to consider that.

The Court     Well, I am not going to strike the whole answer, nor am I going to instruct the jury as you requested it at the present time. My ruling stands."

Luncheon recess was taken. Thereafter, Carpenter was cross-examined by defense counsel. After the completion of cross-examination and after the jury had been excused for the day, defense counsel moved for a mistrial based on the admission of Carpenter's last re-

sponse on direct examination, restating his objection under Rules 401 and 403.

"[Defense Counsel]   I'd like to make one other motion, Your Honor.

The Court   Go ahead.

[Defense Counsel]   In discussing and reviewing the testimony, I'd ask that the Court declare a mistrial as to Miss Carpenter's last statement on direct testimony, where the Court—it's already a matter of record that I asked the matter be stricken. I think her last answer was so inflammatory and irrelevant, where she, in the presence of the jury, essentially bated [*sic*] my client as to—'Well, if you think you can get away with it'—I think that is such an inflammatory statement, that it's created a 'Manifest Destiny,' [*sic*] and I'd ask the Court to declare a mistrial.

The Court   Well, I'm going to deny your motion for a mistrial. I might add, at the time of that objection I specifically asked you were you moving to strike the entire answer, and your response was yes, you were moving to strike the entire answer, and I said, 'Well, on that basis that motion as set forth is denied.' If you want me to ask the jury to strike that comment, I will. But that's not what you requested when you came to the bench.

[Defense Counsel]   Well, I'm stating that comment is a highlight of it that will stick with—

The Court   (Interposing) No, I'm sorry. I specifically asked you, Mr. Ostler, at the bench,—

| | |
|---|---|
| [Defense Counsel] | I know. |
| The Court | —'Do you want me to strike the whole answer?' And you said yes. And I said, 'Well, based upon that[,] the motion—or your motion is denied.' |
| | If you now—I'm denying your motion for mistrial. But if you wish, I'll grant a motion to strike that portion of the answer and tell the jury to disregard it as an inappropriate comment in a courtroom. |
| [Defense Counsel] | I stand by my earlier position, Your Honor. I think the whole—the whole statement as a package should go. |
| The Court | Okay. Well, I mean, and I stand by my earlier ruling on your motion to strike the entire answer. As far as your motion for mistrial based on that specific portion of the answer, it's denied. Your exception is noted. |

■■ On appeal, the defendant first asserts that the part of Carpenter's answer in which she said, "it's the truth," was an impermissible opinion of her character for truthfulness and, therefore, was inadmissible under New Hampshire Rules of Evidence 405 and 608. This issue was raised for the first time on appeal and was not preserved for review by this court. It is well settled that "a contemporaneous and specific objection is required to preserve an issue for appellate review" in this court. *State v. Giordano*, 134 N.H. 718, 720, 599 A.2d 109, 111 (1991); N.H. R. Ev. 103(b)(1). If an issue is not properly preserved, the objection is "deemed waived because the trial court is denied the opportunity to correct any error that it may have made." *State v. Niquette*, 122 N.H. 870, 873, 451 A.2d 1292, 1294 (1982). At trial, defense counsel objected to the entire answer based on New Hampshire Rules of Evidence 401 and 403, but never specifically addressed the argument based on Rules 405 and 608. Because this issue was not preserved for appeal, we decline to consider it further.

The defendant next argues that the trial judge erred under New Hampshire Rules of Evidence 401 and 403 when he refused to strike

the entire answer. The entire answer consists of three distinct portions: (1) the witness's assertion about the truthfulness of her statement; (2) her opinion that the incident was an accident; and (3) the statement in which she passed moral judgment on the defendant. The defendant claims that all three assertions were irrelevant and thus inadmissible under Rule 401. Alternatively, the defendant asserts that the first and third parts were prejudicial and thus should have been excluded under Rule 403. We will review each portion of the statement separately.

■ We first address defendant's argument that Carpenter's statement, "it's the truth," was an irrelevant opinion of her credibility. New Hampshire Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." We have consistently held that "whether evidence is relevant, and thus admissible for that reason, is within the sound discretion of the trial court." *State v. Hammell,* 128 N.H. 787, 789, 519 A.2d 307, 308 (1986). We will not overturn a trial court's decision to admit evidence absent abuse of discretion. *State v. Torrence,* 134 N.H. 24, 27, 587 A.2d 1227, 1229 (1991). We conclude that the trial court did not abuse its discretion.

This statement was relevant for two reasons. It was relevant on the substantive issue concerning the identity of the driver at the time of the accident. Carpenter had given inconsistent reports regarding the accident. On March 7, 1987, she told the police that she was asleep in the back of the vehicle and was unaware of what had happened. Approximately one month later, upon the advice of counsel, she retracted her earlier statement and identified the defendant as the driver of the car. It was the later version to which she testified at trial, and it was the earlier version to which the defendant testified at trial.

■ The statement was also relevant to assess the witness's credibility. During his opening statement, defense counsel attempted to diminish Carpenter's credibility by highlighting her contradictory reports and her alcohol and illegal drug use. Carpenter's trial testimony in which she said "it's the truth" was relevant to assist the jury in assessing her credibility and to determine which account, if any, to believe.

■■ Additionally, the defendant contends that this statement was prejudicial. New Hampshire Rule of Evidence 403 serves as a

safety valve by allowing relevant evidence to be excluded "if its pro-
bative value is substantially outweighed by the danger of unfair prej-
udice, . . . ." N.H. R. Ev. 403. "An appellant claiming trial court error
in abusing discretion has the burden to demonstrate that the discre-
tionary ruling is clearly untenable or unreasonable to the prejudice
of [the appellant's] case." *State v. Cochran*, 132 N.H. 670, 672, 569
A.2d 756, 757 (1990).

■■ The defendant is unable to demonstrate that the admission
of the statement, "it's the truth," was unreasonable to the prejudice
of his case. The jury was aware that Carpenter had given different
versions of the event. The statement merely alerted the jury to the
fact that Carpenter was adopting the same version of the story that
she gave to the police approximately one month after the incident.
As we repeatedly have said, it is within the sound discretion of the
trial court to admit evidence, and it is for the jury to determine
"'whether to believe all, part or none'" of the witness's testimony.
*State v. Brooks*, 126 N.H. 618, 622, 495 A.2d 1258, 1261 (1985) (quot-
ing *State v. Thresher*, 122 N.H. 63, 71, 442 A.2d 578, 582 (1982)).

■ The defendant next argues that the statement, "[I]t was an
accident. I realize the whole thing was an accident," was irrelevant
and should have been excluded under New Hampshire Rule of Evi-
dence 401. The defendant concedes that this portion of the statement
was not prejudicial to him. This statement was relevant to determine
the circumstances surrounding the collision and, thus, was properly
admitted.

Finally, the defendant argues that the trial court erred by not
striking the following portion of Carpenter's testimony:

"[B]ut what he did afterwards, there's no excuse for. I can't
live with that. And if he wants to try, good luck to you
(speaking to the defendant). It's just—"

The admission of this portion of Carpenter's answer is more prob-
lematic than the admission of the two other parts of the answer.
Nonetheless, we hold that the trial court's ruling did not constitute
an abuse of discretion.

Three times in the proceeding, defense counsel raised his objec-
tion to Carpenter's answer based on relevancy and prejudice
grounds. The judge offered no relief in response to the first two ob-
jections; after the third objection, however, he offered to strike the
last portion of the answer. It is apparent from the colloquy that the
trial judge was aware that prejudice could result from admission of

the statement in which the witness passed moral judgment on the defendant. Nonetheless, he did not offer to strike that portion of the answer in response to the first and second objections because defense counsel failed to limit his objections to that specific statement. After counsel moved for a mistrial, the trial judge reminded defense counsel that his earlier request was to strike the "whole answer." The judge then said:

"I'm denying your motion for mistrial. But if you wish, I'll grant a motion to strike that portion of the answer and tell the jury to disregard it as an inappropriate comment in a courtroom."

Defense counsel refused, asserting that "the whole statement as a package should go." The trial judge stood by his ruling that only the part of the statement in which the witness passed moral judgment on the defendant could be stricken.

While it is always advisable that a trial court offer to strike that portion of a statement, the probative value of which is substantially outweighed by its prejudicial effect, immediately upon proper objection, we cannot say that the court's failure to do so, in this instance, constituted an abuse of discretion. We defer to a trial court's decision on the admissibility of evidence and will not disturb its ruling absent abuse of discretion. *Torrence*, 134 N.H. at 27, 587 A.2d at 1229. "[T]he trial court is in the best position to gauge the prejudicial impact of particular testimony, and what steps, if any, are necessary to remedy that prejudice." *State v. Killam*, 133 N.H. 458, 463, 578 A.2d 850, 853 (1990). To demonstrate abuse of discretion, the defendant must show that the trial court's ruling was "'clearly untenable or unreasonable to the prejudice of [the appellant's] case.'" *State v. Hotchkiss*, 129 N.H. 260, 264, 525 A.2d 270, 272 (1987) (quoting *State v. Whitney*, 125 N.H. 636, 639, 484 A.2d 1158, 1160 (1984)).

Here, the trial court obviously concluded that striking the last part of the answer would have cured any prejudice that might otherwise have resulted. The defendant has failed to show that the trial court's choice of remedy was clearly untenable or unreasonable to the prejudice of his case. Counsel's choice to have all or nothing stricken from the record was a matter of trial strategy. Having refused the trial court's reasonable offer to remedy the potential prejudice, the defendant cannot seek the same relief in this court.

*Affirmed.*

All concurred.