Hillsborough
No. 92-222

### THE STATE OF NEW HAMPSHIRE

v.

### HENRI DEGRE

August 5, 1993

*Jeffrey R. Howard,* attorney general (*John A. Curran,* attorney, on the brief), by brief for the State.

*James E. Duggan,* chief appellate defender, of Concord, by brief for the defendant.

### MEMORANDUM OPINION

JOHNSON, J. The defendant appeals his conviction of felonious sexual assault, *see* RSA 632-A:3, II (1986), after a jury trial in the Superior Court (*Dalianis,* J.). He argues that a police officer's statements at trial constituted impermissible opinion testimony, warranting reversal. We affirm.

The defendant was convicted of sexually assaulting a thirteen-year-old girl. At trial, Officer Paula Glennon described an interview she conducted with the victim.

> "We start off—I'll start off and ask her basically what happened and have her go through the entire story, jot down notes while she's saying it. Then from the notes, I'll get clarification in certain areas, go back, jump from point to point within the story so that I know that there's a consistency in the story and that she is telling the truth about did what [*sic*] happen. Sometimes what happens is that in doing so, you start to get the feeling that it may not—the victim may not be telling the truth and is possibly doing this for some other reason. And that was not the case with [this victim]."

Defense counsel objected that Officer Glennon impermissibly gave an opinion about the victim's credibility, and moved for a mistrial. The trial court denied the motion and gave the following curative instruction to the jury: "Ladies and gentlemen, it is for you, of course, to decide who is telling the truth in this matter; and other people's opinions about who might be telling the truth are not for you to consider."

Later on in her testimony regarding the interview, Officer Glennon stated that the victim was apprehensive about "talking about her body, the different parts of her body and what had happened to her." The prosecutor then asked the officer whether she had encountered that type of apprehension before. Defense counsel objected on the grounds of relevancy, and the prosecutor replied, "I'm trying to have the witness explain from her experience why this witness would be apprehensive." Defense counsel made no further comment, and the court overruled the objection. The prosecutor then repeated his question to Officer Glennon, who answered as follows: "Yes. In adults as well as juveniles. People just don't want to—that's right, very quiet about talking—they're talking about their own parts of the body, and it's just something that's not commonly discussed."

■ Regarding the first claim of error, the State concedes that Officer Glennon impermissibly offered her opinion of the victim's credibility when she stated that she did not "get the feeling" the victim was lying. The State, however, maintains that this testimony did not warrant a mistrial because the trial court's curative instructions sufficiently diminished the impact of any prejudice that might have resulted from the introduction of these statements. We agree.

> "The standard of review of the denial of a motion for a mistrial is whether the trial court abused its discretion. The

> basis for granting a mistrial is the existence of some circumstances which indicates that justice may not be done if the trial continues to verdict. *The remarks or the conduct must be more than merely inadmissible; they must constitute an irreparable injustice that cannot be cured by jury instructions.* Thus, even if prejudicial testimony was introduced against the defendant, the motion for mistrial may be denied because curative instructions are presumed to be followed."

*State v. Lemire*, 130 N.H. 552, 554–55, 543 A.2d 425, 426–27 (1988) (emphasis added) (citations and quotation omitted). Here, the curative instructions squarely addressed the defendant's fear that Officer Glennon's opinion would encourage the jury to shirk its responsibility to determine the victim's credibility. Moreover, the trial court's concise statement to the jury accomplished this without unduly highlighting the objectionable testimony. *Cf. State v. La-Branche*, 118 N.H. 176, 179–80, 385 A.2d 108, 110 (1978). We hold that the trial court did not abuse its discretion in denying the defendant's motion for a mistrial.

■ Turning to the defendant's second claim of error, concerning Officer Glennon's testimony that people are normally apprehensive about discussing parts of their bodies, we first note that the sole ground of objection below was relevancy. Therefore, we do not address the defendant's argument on appeal that Officer Glennon's testimony constituted impermissible lay opinion testimony. *See State v. VanDerHeyden*, 136 N.H. 277, 282, 615 A.2d 1246, 1249 (1992).

■ We also dismiss his relevancy argument. New Hampshire Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The defendant concedes in his brief that "evidence that would help the jury determine [the victim's] credibility would have been relevant." The jury heard testimony describing the victim's apprehensive demeanor and hesitancy during her interview with Officer Glennon, and this could have raised doubts regarding her credibility. The officer's testimony that people are normally apprehensive discussing parts of their bodies was relevant to dispel such doubts. *See VanDerHeyden*, 136 N.H. at 283, 615 A.2d at 1249. We hold that the trial court did not abuse its discretion in admitting it.

*Affirmed.*

All concurred.