Belknap
No. 93-349

# THE STATE OF NEW HAMPSHIRE

v.

# M.G. BOUCHARD

June 15, 1994

*Jeffrey R. Howard*, attorney general (*William H. Lyons*, senior assistant attorney general, on the brief and orally), for the State.

*Law Office of Paul J. Haley*, of Hillsboro (*Paul J. Haley* and *Scott L. Hood* on the brief, and *Mr. Haley* orally), for the defendant.

JOHNSON, J.   The defendant, M.G. Bouchard, appeals the verdict of the Superior Court (*O'Neil*, J.) finding him guilty of the possession of cocaine. RSA 318-B:2 (Supp. 1993). On appeal, the defendant argues that the court abused its discretion: (1) by ruling that he opened the door at trial to allow evidence of his alleged possession of marijuana, after granting the defendant's pretrial motion *in limine* to exclude this evidence; and (2) by allowing the rebuttal testimony of a police officer regarding the defendant's self-incriminating statements, when the officer's report of these statements was not provided to the defendant's counsel until after the discovery deadline. We affirm.

The defendant was operating his 1989 Baja motorboat on Lake Winnipesaukee at approximately 10:30 p.m. on July 17, 1992, without its navigational lights illuminated, when he was stopped by a marine patrol officer. After administering a series of field sobriety tests, the officer arrested the defendant for boating while intoxicated. The defendant was escorted to the police cruiser of a marine patrol supervisor, who searched the defendant and inventoried his possessions. The supervisor found a green paper bindle containing white granular powder, later determined to be .22 grams of cocaine, among the contents of the defendant's pockets. Four baggies of marijuana were recovered from the defendant's pants and underwear.

The misdemeanor offense of possession of marijuana and various boating violations were brought in the Laconia District Court, while the felony charge of possession of cocaine was tried in the superior court. Prior to the felony trial, the defendant successfully moved *in limine* to exclude from evidence the defendant's arrest for possession of marijuana under New Hampshire Rules of Evidence 402 and 403. On the day of trial, the defendant moved that Officer Kace, who accompanied the defendant to his arraignment, be prohibited from testifying about self-incriminating statements that the defendant made just after his arraignment. Officer Kace's report concerning those statements was sent to the defendant's counsel only one week before trial, at the direction of the county attorney. Because the report was provided five months beyond the court's discovery deadline, the court granted the motion.

At trial, the prosecutor cross-examined the defendant about whether he was aware of the bindle of cocaine in his pants, to which

the defendant responded that the pants, which he took from a cabinet in his boat, were not his. The following exchange regarding the defendant's knowledge of the bindle ensued:

"Q. And you said that you don't believe that it was yours?
A. No, it wasn't mine.
Q. Is it possible that could have been yours?
A. I don't think so.
Q. You don't think so but is it possible? Is it possible you forgot that that was in your pocket?
A. No, I don't really think so. If I had known it was there, it wouldn't have—I would have gotten—if I had known, I would have thrown it out or something."

The prosecutor then sought permission to ask the defendant about the marijuana found on his person. Over the defendant's objection, the prosecutor was allowed to refer to the marijuana, but only as green vegetative matter. The defendant admitted to his knowledge of the baggies of green vegetative matter in his pants and underwear, but maintained that he was unaware of the bindle.

Officer Kace was called by the prosecution as a rebuttal witness. Officer Kace testified that after the arraignment the defendant said "that he couldn't understand why he was being charged with possession of cocaine with intent to sell because it was just a little bit of cocaine, and it was his." On cross-examination, Officer Kace testified that the defendant also asked the officer "to cut [him] some slack" and promised to "get in some sort of rehab program." The trial judge instructed the jury to use Officer Kace's testimony solely to impeach the defendant's credibility by prior inconsistent statement, not as substantive evidence. The defendant was found guilty of possession of cocaine.

On appeal the defendant first challenges the admission of evidence of his possession of marijuana. He contends that the trial court abused its discretion in applying the opening-the-door doctrine. He argues that he did not gain a misleading advantage through his testimony that if he had known there was cocaine in his pocket he would have gotten rid of it because his statement did not necessarily mean he would have thrown out the baggies of marijuana.

■■  The defendant has the burden to demonstrate that the trial court's discretionary ruling is clearly untenable or unreasonable to the prejudice of his case. *State v. VanDerHeyden*, 136 N.H. 277, 284, 615 A.2d 1246, 1249–50 (1992). "Opening the door" is often used "to describe situations in which a misleading advantage may be coun-

tered with previously suppressed or otherwise inadmissible evidence." *State v. Crosman*, 125 N.H. 527, 531, 484 A.2d 1095, 1097–98 (1984); *see State v. Patten*, 137 N.H. 627, 628, 631 A.2d 921, 922 (1993).

■ The State argues that the testimony gave the impression that the defendant would not willingly or knowingly have possessed any illegal substance. Our review of the transcript indicates that the jury logically could have understood the defendant's statement as referring to any illegal substance. We have held that "[t]he prejudicial impact, if any, of particular testimony . . . can best be gauged by the trial court judge," *State v. Lemire*, 130 N.H. 552, 555, 543 A.2d 425, 427 (1988), and therefore find that the trial court did not abuse its discretion in deciding that the door had been opened.

■ The defendant also argues that the questions focusing on his possession of "green vegetative matter" violated New Hampshire Rule of Evidence 608(b). We will not address the defendant's Rule 608(b) argument on appeal because the defendant failed to specifically argue Rule 608 in his motion *in limine*, which solely raised Rules 402 and 403, and he made no contemporaneous objection on such ground at trial. *See VanDerHeyden*, 136 N.H. at 282, 615 A.2d at 1249.

The second issue on appeal is whether the trial court abused its discretion by allowing Officer Kace to testify as a rebuttal witness when the defense was not provided a copy of the officer's police report until one week before trial, five months after the discovery deadline. The defendant cites Superior Court Rule 98, which requires the State to furnish to the defendant "a copy of records of statements or confessions, signed or unsigned, by the defendant, to any law enforcement officer or his agent." The defendant alleges surprise and unfair prejudice: his counsel did not have time to depose Officer Kace in order to prepare a rebuttal to the officer's testimony establishing that the defendant knew he possessed cocaine.

■ At the outset, we must address the State's argument that the defendant did not properly preserve the issue for appellate review because there is no record of an objection contemporaneous to Officer Kace's testimony at trial. We find that the defendant's oral motion on the day of trial to exclude the evidence on the basis of the Rule 98 violation was adequate to preserve the issue, including arguments based on consequences of the violation, making a contemporaneous objection at trial unnecessary. *See State v. McLaughlin*, 135 N.H. 669, 672, 610 A.2d 809, 811 (1992) (defendant's pretrial mo-

tion *in limine* to exclude evidence adequate to preserve issue for appellate review, and contemporaneous objection at trial not required).

We hold that the State's violation of Superior Court Rule 98 does not bar Officer Kace's testimony from entering through an open door. *See State v. Nadeau*, 126 N.H. 120, 124–25, 489 A.2d 623, 625–26 (1985). The defendant's testimony during direct examination that he was unaware that there was a bindle of cocaine in the pants he was wearing when arrested opened the door for Officer Kace's rebuttal testimony concerning the defendant's self-incriminating statements. *State v. Mello*, 137 N.H. 597, 601, 631 A.2d 146, 148–49 (1993). That the testimony was admitted under the opening-the-door doctrine should have been manifest to the defendant since, after Officer Kace testified, the trial judge clearly explained that the testimony was admitted as a prior inconsistent statement for purposes of impeachment. Because we find no error in the trial court's application of the opening-the-door doctrine, *see Crosman*, 125 N.H. at 531, 484 A.2d at 1097–98; *State v. Benoit*, 126 N.H. 6, 21–22, 490 A.2d 295, 305–06 (1985), we reject the defendant's argument that Officer Kace should not have been allowed to testify.

The defendant also argues in his brief that the introduction of Officer Kace's testimony violated New Hampshire Rule of Evidence 403 because its "probative value is substantially outweighed by the danger of unfair prejudice." N.H. R. Ev. 403. First addressing the State's contention that the Rule 403 argument has not been properly preserved, we find that such allegation of unfair prejudice was implicit in the defendant's pretrial motion that the officer's report was provided outside the discovery deadline. We find that the trial court was adequately informed of the defendant's argument when it first arose in the pretrial motion. *See State v. Eldredge*, 135 N.H. 562, 564, 607 A.2d 617, 618 (1992). Therefore, we will resolve this question on the merits.

The defendant has not met his burden of showing unfair prejudice. He argues that Officer Kace provided the critical link in establishing the defendant's knowledge of the cocaine, and that, because the officer was the final witness, he had an enormous effect on the jury. Since the record supports the trial court's determination that the probative value of this evidence is great, and the jury was instructed to use Officer Kace's testimony for the limited purpose of determining the defendant's credibility, *State v. Smart*, 136 N.H. 639, 658, 622 A.2d 1197, 1210 (jurors presumed to follow instruc-

tions), *cert. denied*, 114 S. Ct. 309 (1993), we find that the trial court did not abuse its discretion.

*Affirmed.*

BROCK, C.J., with whom THAYER, J., joined, concurred specially; the others concurred.

BROCK, C.J., concurring specially: I agree with the majority that the trial court did not abuse its discretion and that the defendant's conviction should be affirmed. I write to express my belief, however, that the defendant's arguments concerning the admission of Officer Kace's testimony were not properly preserved for appeal. I would not, therefore, address those arguments in the opinion.

Prior to trial, the defendant moved to exclude any statements contained in Officer Kace's report because the defense did not receive the report until well after the discovery deadline in violation of Superior Court Rule 98. The motion was granted. At trial, Officer Kace was allowed to testify concerning the statements, as the defendant had opened the door to such testimony. In his brief, the defendant relies upon the Rule 98 violation, arguing that the statements caused both surprise and unfair prejudice. The State argues that the defendant did not preserve the issue for appeal as he did not contemporaneously object to the testimony at trial.

The majority states that a contemporaneous objection was unnecessary as the defendant's pretrial motion preserved the issue, including arguments based on consequences of the Rule 98 violation, citing *State v. McLaughlin*, 135 N.H. 669, 672, 610 A.2d 809, 811 (1992). The analysis fails to recognize that the defendant's pretrial motion was *granted*. At trial, the defendant raised no objection, contemporaneous or otherwise, to the testimony. *Cf. State v. Simonds*, 135 N.H. 203, 205, 600 A.2d 928, 929 (1991). The trial court originally excluded the statements from the State's case in chief on the basis of a Rule 98 violation. The trial court did not reverse its Rule 98 ruling at trial. Rather, it admitted the evidence as prior inconsistent statements of the defendant after he opened the door. The defendant's pretrial motion did not abrogate his obligation to raise a contemporaneous objection in order to afford the trial court an opportunity to correct any error it may have made, *see State v. Eldredge*, 135 N.H. 562, 564, 607 A.2d 617, 618 (1992), especially where, as here, the evidence was being offered on different grounds.

The defendant argues in his brief for the first time that the admission of Officer Kace's statements violated New Hampshire Rule of

Evidence 403. The State argues that the defendant did not preserve the issue for appeal as he did not make a Rule 403 argument in his pretrial motion nor did he make a contemporaneous objection on such ground at trial. I find this argument to be persuasive. I fail to see a difference between this situation and that concerning the defendant's Rule 608(b) argument. There, the defendant argued that questions focusing on his possession of "green vegetative matter" violated New Hampshire Rule of Evidence 608(b). The majority decided not to address this argument as the defendant failed to specifically argue Rule 608 in his motion *in limine,* and he made no contemporaneous objection on such ground at trial. The appropriate analysis here is identical to that employed earlier. The defendant's pretrial motion to exclude Officer Kace's statements was based solely on Superior Court Rule 98. Rule 403 was not mentioned either at that time or during trial. Even if I were to agree that the defendant's pretrial motion preserved his Rule 98 argument on appeal, I do not agree that the defendant's pretrial argument based on Rule 98 "impliedly" informed the trial court of, and preserved for appeal, an argument based on any other rule designed to prevent unfair prejudice. *See, e.g.,* N.H. R. Ev. 608(b). I would not address the Rule 403 argument as the defendant has not preserved it for appeal. *See State v. VanDerHeyden,* 136 N.H. 277, 282, 615 A.2d 1246, 1249 (1992).

THAYER, J., joins in the special concurrence.