Hillsborough-southern judicial district
No. 94-025

### THE STATE OF NEW HAMPSHIRE

v.

### THOMAS TREMPE

August 4, 1995

*Jeffrey R. Howard*, attorney general (*Sharon J. Fray-Witzer*, attorney, on the brief and orally), for the State.

*Joachim Barth*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

JOHNSON, J. The defendant, Thomas Trempe, was convicted of one count of aggravated felonious sexual assault and two counts of sexual assault against a minor female. *See* RSA 632-A:2, :4 (1986 & Supp. 1994). He appeals, arguing that the Superior Court (*Dalianis*, J.) erred in ruling he had opened the door to admission of his prior conviction for simple assault against his niece. We reverse and remand.

Trempe was accused of sexually assaulting the victim in the towns of New Ipswich and Greenville. These crimes came to light during a New Ipswich investigation of a separate, unrelated proceeding, in which Trempe was accused of simple assault against his niece by touching her thigh. *See* RSA 631:2-a (1986). Trempe's niece advised the New Ipswich police to speak with the victim, a close friend. The New Ipswich police did so, and when the victim told them that Trempe had sexually assaulted her, they alerted the Greenville police. The two departments questioned Trempe on the same day: first, the New Ipswich police asked him about the simple assault against his niece; then the Greenville police asked him about the sexual assaults against the victim. Trempe testified that before the questioning began, he knew the New Ipswich police wished to interview him about his niece but did not know he would be questioned regarding this victim. Trempe eventually pled guilty to the simple assault involving his niece but maintained he was innocent of the charges at issue here.

Prior to trial, Trempe moved to exclude evidence of the simple assault against his niece, citing New Hampshire Rule of Evidence 404(b). Because the prosecution agreed not to introduce the evidence in its case in chief, the superior court did not immediately rule on the motion. The prosecution expressed its desire to cross-examine Trempe about the assault if Trempe opened the door to its admission during his direct testimony.

At trial, Greenville Police Officer Jason Keddy described his investigation of the assaults against the victim. He did not testify about the simple assault against Trempe's niece or discuss the New Ipswich investigation of that assault. He also did not mention that the New Ipswich police questioned Trempe on the same day as the Greenville police interview. No New Ipswich officer was called to testify.

Trempe then took the stand and, during direct examination, his counsel asked him to explain some of the inconsistencies between his trial testimony and his statements to the Greenville police:

Q. Now, you heard testimony that when the police asked you about this bathroom incident, you said you don't remember?

A. Yes.

Q. Is that what you told the police?

A. Yes.

Q. Why did you tell them that?

A. At that point in time, I was just so messed up from not drinking and shaking, I couldn't remember anything at that point in time. *It was too much of a surprise. I didn't even know they were going to be questioning me that day.*

. . . .

Q. When is the first time you ever heard about these allegations?

A. In November of 1993—1992. Sorry.

Q. And that was when you were contacted by the police?

A. Yes. Well, I was contacted by my wife.

Q. And then you were contacted afterwards by the police?

A. *The Greenville police never contacted me.*

Q. *When you went to the police department and gave that statement, did you know what the allegations were before you got there?*

A. *No, I didn't.*

(Emphasis added.) Following this testimony, the prosecution successfully argued to the superior court that Trempe's statements created a misleading impression that the Greenville police interview took him completely by surprise. The court allowed the following cross-examination:

Q. Mr. Trempe, you were interviewed at the New Ipswich Police Station, weren't you?

A. Yes.

MR. KIELY [DEFENSE COUNSEL]: Objection, your Honor.

THE COURT: Objection overruled. Exception noted.

Q. And you were there being interviewed about another matter, weren't you?

MR. KIELY: Objection, your Honor.

A. Yes.

THE COURT: You can have a continuing exception, Mr. Kiely.

MR. KIELY: Thank you, your Honor.

Q. That involved your niece, . . . didn't it?

A. Yes.

Q. She had made allegations against you, too, hadn't she?

A. Yes.

Q. She alleged that you touched her on the thigh, didn't she?

A. Yes.

Q. And you were interviewed by, I believe it was, David Blake of the New Ipswich Police Department with regards to the assaults on [your niece], correct?

A. Yes.

Q. And then you were to be brought into the Greenville Police about the allegations that [the victim in this case] presented?

A. Yes.

Q. So you knew why you were there, didn't you?

A. I knew I was there to be interviewed by David Blake.

Q. About allegations involving your niece . . .?

A. Yes.

Q. And you did plead guilty to a simple assault on [your niece], didn't you?

A. Yes, I did.

Q. And then you were interviewed about [the victim in this case]?

A. Yes.

Trempe was convicted of each of the crimes charged, and he appealed.

■ Trempe claims error in the admission of the simple assault conviction against his niece. The State counters that admission was proper because Trempe opened the door to such evidence. "The defendant has the burden to demonstrate that the trial court's discretionary ruling is clearly untenable or unreasonable to the prejudice of his case. 'Opening the door' is often used to describe situations in which a misleading advantage may be countered with previously suppressed or otherwise inadmissible evidence." *State v. Bouchard*, 138 N.H. 581, 583-84, 643 A.2d 963, 965 (1994) (quotation and citation omitted).

The State argues that Trempe opened the door to his conviction for simple assault by testifying that: (1) the Greenville police never contacted him; (2) he did not know the allegations against him prior to his arrival at the police station; and (3) he did not know he was

going to be questioned that day. We agree that these statements may have been misleading. Trempe made the statements before the jury had heard any testimony concerning the New Ipswich investigation. The jury therefore may have erroneously believed that *no* police officers—not just no Greenville officers—had contacted Trempe and that he arrived at the police station unprepared for any questioning.

■ We find, however, that the trial court abused its discretion in allowing the State to cross-examine Trempe about the simple assault against his niece. The prosecutor could have dispelled the misconceptions created by Trempe's testimony simply by asking if the New Ipswich police had contacted him about a different allegation and warned him prior to questioning. Neither the fact of the simple assault conviction nor the details concerning it were necessary to correct the misleading impression. "The fact that the door has been opened does not, by itself, permit all evidence to pass through. The doctrine is to *prevent* prejudice and is not to be subverted into a rule for *injection* of prejudice." *State v. Benoit*, 126 N.H. 6, 21, 490 A.2d 295, 306 (1985) (quotation omitted; emphasis added). As Trempe points out, cross-examination about a confessed simple assault with incestuous overtones was highly prejudicial. Admission of this evidence risked a conviction based on a perceived disposition to commit such crimes. *See State v. Blackey*, 137 N.H. 91, 94, 623 A.2d 1331, 1333 (1993).

■ The State also argues that Trempe's statement, "[The accusations were] too much of a surprise," created a misleading impression warranting admission of the simple assault conviction. The State contends that "by the time of the second interview, [he] was aware that his sexually assaultive behavior had been revealed. This rendered his claim of surprise incredible . . . ." We disagree. The State appears to assume that Trempe must have committed the assaults at issue because he committed an assault on his niece. As we have long held and continue to maintain, evidence of prior wrongs is inadmissible to prove a disposition to commit such acts. *State v. Bassett*, 139 N.H. 493, 496, 659 A.2d 891, 894 (1995); *State v. Lapage*, 57 N.H. 245, 289, 304 (1876). It would be improper for this court to presume Trempe's guilt for purposes of reviewing the trial court's ruling. Trempe's conviction cannot be used to justify the ruling because the jury's verdict may have been affected by the admission of the simple assault conviction. *See State v. Woodbury*, 124 N.H. 218, 221, 469 A.2d 1302, 1305 (1983).

Nothing in Trempe's testimony concerning the New Ipswich investigation of the simple assault against his niece discredits his avowal that the Greenville police interview about the crimes at issue

here surprised him. We do not believe that being justly accused of one crime necessarily prepares a person for being accused of another.

The State cites *State v. Bouchard,* another opening-the-door case, to bolster its position. *Bouchard,* however, involved a defendant who implied that he would not willingly or knowingly possess an illegal substance. *Bouchard,* 138 N.H. at 583-84, 643 A.2d at 964-65. We upheld the trial court's admission of evidence that the defendant had possessed an illegal substance because the evidence refuted this statement. *Id.* at 583-84, 643 A.2d at 965. Trempe, in contrast, simply testified that he was surprised by the police questioning. He did not put in issue his disposition concerning assaults on minor females. *See State v. Taylor,* 139 N.H. 96, 99-100, 649 A.2d 375, 376-77 (1994).

Trempe has carried his burden of proving that the trial court's ruling was clearly untenable or unreasonable to the prejudice of his case. *See Bouchard,* 138 N.H. at 583, 643 A.2d at 965. The State does not argue that the trial court's error was harmless, *see State v. Vachon,* 139 N.H. 540, 544, 659 A.2d 426, 429 (1995), and we therefore reverse and remand for a new trial.

*Reversed and remanded.*

All concurred.